UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CT102 LLC d/b/a Metro Motors and H.
Jeffrey Baker,

      Plaintiffs,

      v.                              Civil Action No.:1:20-cv-356-MSM-PAS

Automotive Finance Corporation d/b/a AFC;
NextGear Capital, Inc; Southern Auto Sales,
Inc., AUTOTEC, LLC d/b/a AUTOACCESS,
LLC; Manheim, Inc.; and ADESA, Inc.

      Defendants.

### DEFENDANT NEXTGEAR CAPITAL, INC.'S
### MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY PENDING
### COMPLETION OF MANDATORY ARBITRATION

Defendant NextGear Capital, Inc. ("NextGear"), based upon the doctrine of *res judicata* and pursuant to the Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court for an order dismissing all counts against NextGear in the First Amended Complaint ("Complaint") filed by Plaintiffs, CT102 LLC d/b/a Metro Motors ("Metro Motors") and H. Jeffrey Baker ("Baker," and together with Metro Motors, collectively "Plaintiffs"), or, in the alternative, to stay the same pending completion of the mandatory arbitration provisions in the contracts between the parties.

Plaintiffs filed suit in this jurisdiction in an attempt to "get a second bite at the apple." NextGear and Plaintiffs have been litigating in state court in Indiana on the same underlying issues for over two years.[1]  In fact, the Hamilton County, Indiana Court has already entered a

---

[1] Contemporaneous with filing this motion, Defendant NextGear filed a "Notice of Related Actions or Proceedings" for the Indiana Action per LR cv 9.1 of the Local Rules of the United States District Court for the

judgment in favor of NextGear and against Plaintiffs, awarding NextGear breach of contract damages in the amount of $205,494.11. Notwithstanding that the Indiana action is complete, Plaintiffs filed suit here in Rhode Island to bring claims that they already raised or new claims they failed to raise against NextGear in the Indiana action. All such counterclaims from Plaintiff are compulsory and therefore are forever barred.

Furthermore, even if their claims were not all barred, Plaintiffs are in the wrong forum. Plaintiffs improperly filed suit in this Federal District Court in Rhode Island instead of proceeding to mandatory arbitration in Indianapolis, Indiana as contractually required. Plaintiffs both agreed in writing, in separate contractual agreements, that they must arbitrate all claims against NextGear, and even if not arbitrated, Plaintiffs may not sue NextGear in any jurisdiction except Marion County or Hamilton County, Indiana.

Simply put, the claims against NextGear in Plaintiffs' Complaint are too late, already decided, or brought in the improper place, and therefore must be dismissed. In support of its Motion, NextGear submits its accompanying Memorandum of Law, and all exhibits referenced therein, which consist of the pleadings, summary judgment order, appeals decision in the Indiana Action and Final Judgment, all of which this Court may take judicial notice of, and all of which are central to the matter before this Court.

---

District of Rhode Island. Notwithstanding that Plaintiffs are defendants in the Indiana Action, neither Plaintiff filed the required LR cv 9.1 notice.

WHEREFORE, defendant NextGear Capital, Inc. respectfully requests that that this Court enter an order dismissing all counts against NextGear Capital, Inc. in Plaintiffs' First Amended Complaint, or in the alternative stay this action to permit mandatory arbitration to proceed in Indiana, and for such other relief as this Court deems just and proper.

Respectfully submitted,
**DEFENDANT**
**NEXTGEAR CAPITAL, INC.**
by its counsel,

 /s/ Katharine E. Kohm
Katharine E. Kohm (#8194)
PIERCE ATWOOD LLP
One Financial Plaza, Suite 2600
Providence, Rhode Island 02903
Tel: (401) 588-5113
kkohm@pierceatwood.com

Additional Counsel:
(*pro hac vice motion to be filed*)
David J. Jurkiewicz, Esq.
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
DJurkiewicz@boselaw.com

Dated:  October 23, 2020

## CERTIFICATE OF SERVICE

 I certify that the foregoing document was electronically filed with the Clerk of the Court on the 23rd day of October and that it is available for viewing and downloading from the Court's CM/ECF system. All counsel of record for represented parties have been served by electronic means on the date this document was filed. All parties who are self-represented or whose counsel have not yet entered an appearance have been served by U.S. Mail, first class postage prepaid, and email on the date this document was filed.

***Counsel for Plaintiffs (e-filing)***
Harris K. Weiner (#3779)
Salter, McGowan, Sylvia & Leonard, Inc.
56 Exchange Terrace, Suite 500
Providence, RI 02903
Office: (401) 274-0300
Fax: (401) 453-0073
hweiner@smsllaw.com

***Counsel for Defendants Automotive Finance Corporation d/b/a AFC and ADESA, Inc. (e-filing)***
Joseph V. Cavanagh , III
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
Office: (401) 831-8900
Fax: (401) 490-7640
jvc3@blishcavlaw.com

*/s/ Katharine E. Kohm*

4