# Exhibit C

| STATE OF INDIANA | ) | IN THE HAMILTON CIRCUIT COURT |
| | ) SS: | CIVIL DIVISION, ROOM 1 |
| COUNTY OF HAMILTON | ) | CAUSE NO. 29C01-1809-CC-008218 |

NEXTGEAR CAPITAL, INC., )
                                     )
                Plaintiff, )
                                     )
        vs. )
                                       )

**FILED**

October 22, 2019
CLERK OF THE HAMILTON
CIRCUIT COURT

CT102 LLC, )
  d/b/a JD BYRIDER OF NEW HAVEN )
    AND METRO MOTORS, and )
HERMAN JEFFREY BAKER, )
                                     )
              Defendants. )

## ORDER ENTERING SUMMARY JUDGMENT

        This matter came before the Court for consideration of the Motion for Summary Judgment (the "Motion") filed by Plaintiff, NextGear Capital, Inc. ("Plaintiff"). The Court, having considered the Motion and the evidence in support thereof, and being otherwise duly advised, now makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

        1.      On or about January 31, 2014, CT102  LLC, d/b/a JD Byrider of New Haven and Metro Motors ("Dealer") executed and delivered to Plaintiff a Demand Promissory Note and Loan and Security Agreement (the "Note") in the principal amount of $300,000.00.

        2.      On or about January 31, 2014, Herman Jeffrey Baker ("Guarantor") executed and delivered to Plaintiff an Individual Personal Guaranty (the "Guaranty") whereby Guarantor guaranteed to Plaintiff payment of Dealer's obligations under the Note, without exception.

        3.      The Note and the Guaranty grant the courts of Hamilton County, Indiana jurisdiction over all matters arising between the parties under either the Note or the Guaranty.

(28430-310)

4.      Under the terms of the Guaranty, Guarantor absolutely, unconditionally, and irrevocably agreed to be liable for the repayment of Dealer's obligations to Plaintiff, including principal, interest, collection costs, legal fees, and reasonable attorneys' fees.

5.      Plaintiff advanced funds to Dealer and to one or more third parties on Dealer's behalf for the purchase of inventory pursuant to the terms of the Note.

6.      Dealer failed to make payments of principal and/or interest when due under the Note.

7.      As a result of the occurrence and continuance of an Event of Default, as defined in the Note, Plaintiff declared the entire balance owed under the Note (the "Indebtedness") to be immediately due and payable.

8.      Despite demand for payment by Plaintiff, the Indebtedness has not been paid in full.

9.      As of June 24, 2019, the Indebtedness totals $177,947.73, including principal, interest, and fees.

10.      Interest continues to accrue on the Indebtedness.

11.      The Note contains a provision requiring Dealer to pay "[a]ll reasonable costs and expenses, including attorney's fees," incurred by Plaintiff to enforce the Note.

12.      The Guaranty contains a provision requiring Guarantor to pay "[a]ll reasonable costs and expenses, including attorney's fees," incurred by Plaintiff to enforce the Guaranty.

13.      To the extent any Conclusion of Law is a Finding of Fact, it is incorporated herein by reference.

## CONCLUSIONS OF LAW

14.      The Note constitutes a valid and binding contract between Plaintiff and Dealer.

15.      The Guaranty constitutes a valid and binding contract between Plaintiff and Guarantor.

16.    The jurisdiction, venue, and choice of law provisions of the Note and the Guaranty are valid and enforceable.

17.    Dealer defaulted under the terms of the Note by failing to make payments due thereunder.

18.    Dealer's default constitutes a breach of contract for which Plaintiff is entitled to recover its damages.

19.    Plaintiff owns and holds the Note, and all conditions precedent to the right of Plaintiff to recover under the Note have been performed, have occurred, or have been waived.

20.    There are no genuine issues of material fact as to Plaintiff's complaint for breach of contract.

21.    Under the terms of the Guaranty, Plaintiff has the right to pursue collection of the Indebtedness from Guarantor as a primary, and not a secondary, obligor.

22.    Guarantor has not satisfied the payment obligations to Plaintiff under the terms of the Guaranty.

23.    Guarantor waived the right to receive notice of Dealer's non-performance and Plaintiff's demand for payment, pursuant to the Guaranty.

24.    Plaintiff owns and holds the Guaranty, and all conditions precedent to the right of Plaintiff to recover under the Guaranty have been performed by Plaintiff, have occurred, or have been waived.

25.    There are no genuine issues of material fact as to Plaintiff's complaint for breach of guaranty against Guarantor.

26.    Defendants have not provided any evidence that Plaintiff's calculation of the Indebtedness is incorrect.

27.     The provisions in the Note and the Guaranty which allow Plaintiff to recover its reasonable costs and expenses incurred in collecting the Indebtedness are valid and enforceable.

28.     There is no just reason for delay, and a final judgment shall be and hereby is entered as set forth herein.

29.     An appeal may be taken upon the issues raised by this judgment.

30.     To the extent any Finding of Fact is a Conclusion of Law, it is incorporated herein by reference.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

(a)     Summary judgment shall be and hereby is entered in favor of Plaintiff NextGear Capital, Inc. and against Defendant, CT102 LLC, d/b/a JD Byrider of New Haven and Metro Motors, for actual damages for breach of contract;

(b)     Summary judgment shall be and hereby is entered in favor of Plaintiff NextGear Capital, Inc. and against Defendant, Herman Jeffrey Baker, for actual damages for breach of guaranty.

(c)     Plaintiff NextGear Capital, Inc. is awarded a judgment against Defendants, CT102 LLC, d/b/a JD Byrider of New Haven and Metro Motors, Herman Jeffrey Baker, jointly and severally, in the amount of $177,947.73;

(d)     Plaintiff NextGear Capital, Inc. is awarded its attorneys' fees and expenses incurred herein in an amount to be determined upon further application to the Court.

(e)     Interest on the judgment entered herein shall accrue at the Indiana statutory rate of Eight Per Cent (8%) per annum until paid; and

    (f)    Plaintiff shall be entitled to recover its reasonable post-judgment attorney fees and

post-judgment costs incurred in the collection of the judgment entered herein.

Date:  **October 22, 2019**

_____
Judge, Hamilton County Circuit Court

**Distribution**:

David J. Jurkiewicz
Christina M. Bruno
Bose McKinney & Evans, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
djurkiewicz@boselaw.com
cbruno@boselaw.com

Michael G. Gibson
Michael.gibson@nextgearcapital.com

Julie A. Camden
jc@camlawyers.com

(28430-310)                                           5