DocuSign Envelope ID: 877F3817-C6AA-49F4-BBBD-5EA4DF427D63

# STATE OF INDIANA
# COURT OF APPEALS



HERMAN JEFFREY BAKER
CT102 LLC
          Appellant(s),

v.

NEXTGEAR CAPITAL, INC.
          Appellee(s).

Cause No. 19A-CC-02960

# CERTIFICATION

**STATE OF INDIANA**    )
                                ) SS:
Court of Appeals     )

    I, Gregory R. Pachmayr, Clerk of the Supreme Court, Court of Appeals and Tax Court of the State of Indiana, certify the above and foregoing to be a true and complete copy of the Opinion of said Court in the above entitled case.

    IN WITNESS WHEREOF, I hereto set my hand and affix the seal of THE CLERK of said Court, at the City of Indianapolis, this on this the 18th day of June, 2020.

                                                                     Gregory R. Pachmayr,
                                                                     Clerk of the Supreme Court

## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 01 2020, 9:51 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Julie A. Camden
Camden & Meridew, P.C.
Fishers, Indiana

ATTORNEYS FOR APPELLEE

David J. Jurkiewicz
Nathan T. Danielson
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Herman Jeffrey Baker, et al., *Appellants-Defendants,* | April 1, 2020 |
| | Court of Appeals Case No. 19A-CC-2960 |
| v. | Appeal from the Hamilton Circuit Court |
| NextGear Capital, Inc., *Appellee-Plaintiff.* | The Honorable Paul A. Felix, Judge |
| | Trial Court Cause No. 29C01-1809-CC-8218 |

**Bailey, Judge.**

# Case Summary

[1] NextGear Capital, Inc., a corporation that finances vehicles for dealers ("Lender"), was granted summary judgment upon a breach of contract claim against CT 102 LLC d/b/a JD Byrider of New Haven, also d/b/a Metro Motors, and guarantor Herman Jeffery Baker ("Baker"), (collectively, at times, "Dealer"). Dealer presents a single, consolidated and restated, issue for appeal: whether the trial court improvidently granted summary judgment because there is a genuine issue of material fact as to the appropriate amount of damages.[1] We reverse and remand for an evidentiary hearing on damages.

# Facts and Procedural History

[2] On January 31, 2014, Dealer and Lender entered into an agreement whereby Lender would, in installments, advance funds to Dealer for the purchase of vehicles, up to $300,000.00 ("the Agreement"). Baker executed an unconditional guaranty of repayment of the corresponding note. Subsequently, Dealer utilized Lender's funds to purchase vehicles which were offered for sale to the public on a showroom floor.

---

[1] Dealer has not explicitly conceded liability. However, at the conclusion of its Reply Brief, Dealer requests that this Court remand the matter for a hearing on damages. Indiana Trial Rule 56(C) provides that "summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone[.]"

[3]  On September 4, 2018, Lender filed its three-count complaint, claiming that Dealer had breached the Agreement, Baker was liable as a guarantor, and Dealer had converted property by selling thirteen vehicles without remittance to Lender. Dealer filed an Answer and, among other contentions, claimed that Lender had imposed incorrect charges and failed to provide Dealer proper credit.[2]

[4]  On August 13, 2019, Lender filed a motion for summary judgment with a designation of materials. Greg Hidbrader ("Hidbrader"), employed by Lender as a senior recovery specialist, submitted an affidavit averring that Dealer had "not repaid as agreed" under the terms of the Agreement and owed $177,947.73 as of June 24, 2019. (App. Vol. II, pg. 62.) A summary table indicated that Dealer owed $173,983.17 for principal, interest, and fees, $3,717.46 for post write-off interest, and $247.10 for account-level charges, "less post write-off payments" of zero. *Id.* at 63. Hidbrader averred that he had relied upon a report, attached as Exhibit 1. Exhibit 1, titled "Balance Calculation for Written Off Account Report" consisted of a chart listing fourteen vehicles, with corresponding columns for original amount, principal balance, floorplan fee balance, interest balance, and other fee balance.

[5]  On September 11, 2019, Dealer responded to the motion for summary judgment, arguing, among other things, that the existence of a genuine issue of

---

[2] Dealer initially raised defenses such as improper venue and falsification of a document but has abandoned those contentions.

material fact as to damages precluded the entry of summary judgment. Dealer designated the affidavit of Baker, who averred that Lender had claimed inflated damages, interfered with business operations such that Dealer could not timely pay its obligations, and refused to credit Dealer for a protection program despite Dealer's opt-out of the program. Also, according to Baker, Lender had, on May 23, 2018, repossessed several vehicles ("the Collateral") without providing any accounting of what happened to the Collateral, such as sale at auction, and without providing a corresponding credit.

[6] Lender obtained trial court permission to file a supplemental designation of materials in support of summary judgment. Lender submitted the supplemental affidavit of Hidbrader, with some payment records attached. Hidbrader averred that Dealer had received credit for fees for a protection program Dealer had rejected, as indicated by Exhibit 2. Exhibit 3, an unsigned payment receipt, indicated that proceeds from the sale of a Dodge Avenger labeled Stock 1020 had been posted to reduce the amounts due for Stock 1021, Stock 1048, and Stock 1019.

[7] On October 22, 2019, the trial court entered summary judgment on the breach of contract claim and ordered Dealer to pay Lender $177,947.73 (with interest accruing after June 24, 2019), the entirety of the damages requested by Lender. The trial court did not rule upon Lender's conversion claim or address the disposition of the Collateral as related to damages. Finding no just reason for delay, the trial court certified its judgment as final. Dealer filed a Motion to

Reconsider, which the trial court treated as a motion to correct error, and summarily denied. Dealer now appeals.

## Discussion and Decision

## Standard of Review

[8] "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law." *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew*, 851 N.E.2d 326, 330 (Ind. Ct. App. 2006). We review the trial court's grant of summary judgment under a well-settled standard:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reed*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.3d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[9] A fact is material if its resolution would affect the outcome of the case. *Hughley v. State*, 15 N.E.3d 1000, 2003 (Ind. 2014). An issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth or if the undisputed material facts support conflicting reasonable inferences. *Id.*

## Analysis

[10] To recover for a breach of contract, the plaintiff must prove a contract existed, the defendant breached the contract, and the plaintiff suffered damage as a result of the contract breach. *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). Accordingly, in summary judgment proceedings, Lender initially had the burden to show, prima facie, the existence of an enforceable contract, Dealer's breach, and Lender's damages as a result of Dealer's breach.

[11] In adjudging Dealer liable for a breach of contract, the trial court found that "the Note and Guaranty were valid and binding" and Dealer had breached the Agreement by failure to make payments due. Appealed Order at 1. Dealer does not dispute the existence of an enforceable contract. Dealer does not explicitly dispute that there was a breach of contract on its part, inasmuch as Dealer admitted that it failed to pay a third-party creditor, which was an event of default under the Agreement, and Dealer does not claim to have timely satisfied its obligations to Lender. However, Dealer claimed that it was overcharged and denied appropriate credits. Also, Dealer claimed that Lender took various actions that were commercially unreasonable, making Dealer's full performance impossible.

[12] In awarding to Lender the entirety of its claimed damages, the trial court found that there was "no evidence that the calculation of debt was incorrect." Appealed Order at 3. Dealer contends that there exists a genuine issue of material fact as to the appropriate amount of damages, and the trial court misplaced the burden of proof and resolved each disputed fact and inference in favor of Lender.

[13] "The measure of damages in a breach of contract case is the loss actually suffered by the breach." *Dana Companies, LLC v. Chaffee Rentals*, 1 N.E.3d 738, 748 (Ind. Ct. App. 2013). Lender insists that its exhibits provided the trial court with a proper history of transactions and shifted the burden to Dealer to produce an alternative calculation in order to withstand summary judgment. We disagree.

[14] To demonstrate its entitlement to the particular monetary judgment it sought, as a matter of law, Lender had to make designations sufficient to obviate the need for the trial court to resolve a genuine and material issue of fact. This might be accomplished by showing, without dispute, Lender advanced sums upon clear repayment terms and no payments were made. Or Lender might show a complete history of transactions that were not disputed. In those situations, where no payments were made, or a sum certain was paid, the trial court could simply make a mathematical calculation in rendering summary judgment. But that is not what happened here. The trial court was not provided with documents whose authenticity and accuracy were established, nor was the trial court tasked with simply making a mathematical calculation to

find a proper damages amount.  Lender assessed various fees and charges in addition to principal sums advanced for the purchase of vehicles, designated an affidavit with a summary of amounts claimed, and provided some unauthenticated records of payment.

[15]   In ruling on a motion for summary judgment, the trial court must consider only the properly designated evidence which would be admissible at trial.  *Zelman v. Capital One Bank (USA) N.A.*, 133 N.E.3d 244, 248 (Ind. Ct. App. 2019).  Such evidence does not include inadmissible hearsay contained in an affidavit.  *Id.*  Nor does it include documents that are unsworn statements or unverified exhibits.  *Id.*  Here, Lender submitted the affidavit of Hidbrader, and he averred that he had relied upon Exhibit 1.  Exhibit 1, titled "Balance Calculation for Written Off Account Report," was an unverified summary chart of unknown origin,[3] which purportedly allocated past payments between fourteen vehicles.  It was simply inadmissible hearsay.

[16]   Moreover, we find it particularly troubling that the trial court did not address the repossession of the Collateral as having any bearing upon what, if anything, Dealer owes to Lender.  It may be (and we cannot discern from the bare record) that the vehicles for which some payments were made were not the same as those allegedly repossessed.  Lender is at best evasive as to what happened to the Collateral and, at bottom, ignores Dealer's claim that it should receive

---

[3] Hidbrader averred that he relied upon Exhibit 1, "Balance Calculation for Written Off Account Report," but did not purport to have created the document or have familiarity with its creation.

credit for the Collateral. Lender points out that the Agreement did not require the sale of repossessed vehicles before the pursuit of judgment. This is true, but the Agreement also did not provide that Lender could repossess and retain vehicles without credit to Dealer.

[17] Essentially, Lender would require Dealer to establish the validity of any affirmative defense to payment of the full amount at the summary judgment stage. This is not the burden on the non-movant. *See Hughley*, 15 N.E.3d at 1003 (requiring that all reasonable inferences be drawn in favor of the non-movant). "If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper." *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 909 (Ind. 2001).

# Conclusion

[18] We reverse the summary judgment order and remand for an evidentiary hearing on damages.

[19] Reversed and remanded.

Crone, J., and Altice, J., concur.