**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CT102 LLC d/b/a METRO MOTORS and H. JEFFREY BAKER,<br><br>            Plaintiffs,<br><br>       v.<br><br>AUTOMOTIVE FINANCE CORPORATION d/b/a AFC; NEXTGEAR CAPITAL, INC.; MANHEIM, INC.; and ADESA, INC.,<br><br>            Defendants. | C.A. No. 1:20-CV-00356-MSM-PAS |

**REPLY IN SUPPORT OF MOTION OF DEFENDANTS,
AUTOMOTIVE FINANCE CORPORATION d/b/a AFC
and ADESA, INC., TO DISMISS FIRST AMENDED COMPLAINT**

Defendants Automotive Finance Corporation d/b/a AFC ("AFC") and ADESA, Inc. ("ADESA", and sometimes collectively with AFC, the "Defendants"), by counsel, respectfully submit this Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint as to Defendants Automotive Finance Corporation d/b/a AFC and ADESA, Inc. filed herein on October 14, 2020 (the "Motion"),[1] and in response to the Opposition of Plaintiffs CT102, LLC d/b/a Metro Motors ("Metro") *and H. Jeffrey Baker* ("Baker") to the Motion filed on October 13, 2020 (Doc. No. 30, the "Response"), show the Court as follows:

### I.   SUMMARY OF ARGUMENT

In wholly conclusory fashion and relying on facially inadmissible testimony, the Response fails to provide any sound basis for maintaining this suit in Rhode Island when: (i) all of the parties' contracts call for Indiana law, jurisdiction, and venue; (ii) suit has been pending in

---

[1] *See* Doc. No. 23. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Indiana between AFC and Plaintiffs for nearly two (2) years; and, (iii) none of the "extraordinary" circumstances found by the United States Supreme Court to be necessary to subject ADESA to the general jurisdiction of this Court have been alleged, much less proven by any competent evidence. The unsupported request to convert the Motion to one for summary judgment neglects the fact that all documents from outside the pleadings presented by Defendants with the Motion fit squarely within the well-defined exceptions to conversion in this Circuit, and instead reveals the ulterior motive of Plaintiffs in maintaining this action merely for delay and obstruction of the Indiana Proceedings and/or to increase AFC and ADESA's litigation expense. Putting aside the jurisdictional defects, Plaintiffs' claims are defeated by the clear language of the contracts between the parties and Indiana law, and the First Amended Complaint should therefore be dismissed for failure to state a claim under FRCP 12(b)(6) as to both Defendants and pursuant to FRCP 12(b)(2) as to ADESA.[2]

## II.   LEGAL ARGUMENT

### A. Conversion to Summary Judgment is not Required by the Exhibits to the Motion, which Make Clear that Exercise of Jurisdiction by this Court is Improper.

The Response argues that "[b]ecause Defendants have introduced contested material to their Rule 12 Motion, conversion to a Rule 56 Motion for Summary Judgment is appropriate." (Response, pg. 9). This is incorrect. Specifically, the documents attached to the Motion include:

---

[2] Evincing the facially improper nature of filing the Complaint herein, two (2) parties have already been dismissed and the other remaining defendants, NextGear Capital, Inc. ("NextGear") and Manheim, Inc. ("Manheim"), each filed their own Motions to Dismiss on October 23, 2020. *See* Doc. Nos. 26 (the "Mannheim Motion") and 28 (the "NextGear Motion"). Upon the proper granting of the instant Motion, the Mannheim Motion, and the NextGear Motion, this matter would be resolved in this Court, with Plaintiffs free to seek any relief they may be entitled to against such parties in the respective proper tribunals.

2

(A) the Complaint in the Indiana Proceedings;[3] (B) the Plaintiffs' Answer in Indiana where they failed to deny execution of the Note under oath as required by Indiana's Trial Rules; (C) the Chronological Case Summary for the Indiana Proceedings; (D) the Terms and Conditions that Baker signed, on behalf of Metro, in order to do business with ADESA; and (E) the Caggiano Affidavit establishing that ADESA is a Delaware Corporation with a principal place of business in Carmel, Indiana.

Foremost, the AFC Note and ADESA contract fall squarely within the First Circuit's well-defined exception to conversion for consideration of documents "that are central to the plaintiff's claim or sufficiently referred to in the complaint, even if those documents are not physically attached to the pleading." *Carrero-Ojeda v. Autoridad De Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014)(additional citations omitted). Plaintiffs readily admit to business relationships with AFC and ADESA, so the contracts governing those relationships are clearly "central to plaintiff's claim or sufficiently referred to in the complaint…". *Id.* Nowhere does Metro deny the authenticity of those contracts, each of which clearly require all claims be litigated in Indiana (*See* Ex A, Ex. A, pg. 9, § 9.11; Ex. D. pg. 11, § 32). That Baker belatedly filed an affidavit in the Indiana Proceedings challenging the authenticity of his guaranty[4] has no

---

[3] AFC's Complaint in Indiana properly included the contracts between the parties as exhibits (*See* Ex. A to Ex. A). That Plaintiffs in this suit made no mention of the long-pending Indiana Proceedings in their Complaint or to attach the actual Contract is consistent with their unreasonable behavior of asking this Court to ignore the contractual terms authorizing the complained-of conduct and requiring these claims be litigated in Indiana.

[4] *See* Response Ex. 3.B. and C. Notably, Baker made the identical claim of having modified his guaranty of NextGear's contract in the NextGear Indiana Proceedings and his testimony regarding the modification of his guaranty was found to not be credible by the Indiana judge. *See* NextGear Motion, Ex. E., ¶ 2. Even the doctored version of the guaranty tendered by Baker provides the "**UNDERSIGNED FURTHER WAIVES ANY RIGHT WHICH IT MAY HAVE TO REMOVE SUCH LITIGATION OR MATTER TO A FEDERAL COURT OR TO REQUIRE THAT ANY SUCH LITIGATION OR MATTER TAKE PLACE IN A**

bearing on Metro's inability to bring suit against Defendants in any jurisdiction other than Indiana, and that the Indiana Court found the potential modification of the Guaranty to be an issue of fact for trial is all the more reason for this Court to dismiss Baker's claims on comity grounds. Further, the argument that Baker, who signed the ADESA terms as "owner" of Metro (Ex. D., pg. 16), is not bound by it offends both common sense and its terms. Any rights of Baker as owner of Metro and guarantor of the AFC debt are clearly derivative of Metro,[5] and the ADESA terms "shall bind the respective … successors and assigns of [Metro]...". (Ex. D., pg. 11, ¶ 33).

Contracts aside, the remaining exhibits to the Motion are filings from the Indiana Proceedings and therefore "matters of public record ... susceptible to judicial notice," *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008), and an affidavit concerning "jurisdictional facts made

---

**FEDERAL COURT**." (Baker Aff., Ex. A., pg. 2)(Emphasis in original). Identical language is found in the unchallenged Metro Contract (Motion, Ex. A., Ex. A., pg. 9, § 9.11). No reason is offered by Plaintiffs why that waiver, which by its terms "**IS A MATERIAL INDUCEMENT FOR [AFC] ENTERING INTO THIS [AGREEMENT] AND THE TRANSACTIONS CONTEMPLATED HEREBY**" (both documents) should not be enforced by this Court.

Indeed, "[t]he federal courts are in agreement that 'a forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court.'" *Oscomp Sys. v. Bakken Express LLC*, 930 F. Supp. 2d 261, 268 (D. Mass. 2014)(quoting, *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). *Oscomp* noted disagreement between other Circuits on whether the waiver may be implied from other language or if it must be "clear and unequivocal", and that the First Circuit had not weighed in on that issue. *Id.* at 268-69. Here, the language waiving any removal rights meets either standard, and with such waiver applying equally to cases that were removed or that originated in federal court, the result is the same: the Plaintiffs knowingly waived their right to initiate this case in this Court and it should be dismissed.

[5] Nowhere do Plaintiffs allege that Baker individually owned the vehicles AFC repossessed or that his alleged damages arose from anything other than his role as member and owner of Metro and guarantor of the AFC debt. *See, e.g.*, Complaint ¶¶ 24-46. *See also*, Response, p. 13; "Metro ***and by extension Baker*** were directly damaged…". (emphasis added).

by a person who … has adequate knowledge of the situation." *Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 56 (1st Cir. 2020) (citations omitted).  The Indiana pleadings show that the claims raised by Plaintiffs against AFC are being litigated in Indiana in the form of defenses to the amounts owed by Plaintiffs to AFC.  Allowing Plaintiffs to also assert them here violates the language of the parties' agreements, principles of judicial comity,[6] welcomes inconsistent rulings, and does nothing to advance the stated purpose of the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination" of the parties' rights.  *See* FRCP 1.  That Plaintiffs seek conversion of the Motion to one for summary judgment and "the opportunity for discovery" (Response, p. 9) is indicative of their patently improper motive in bringing this suit, namely, to multiply the Indiana Proceedings and/or obtain another "bite at the apple" on top thereof.  This the Court should not allow.

       **B. The Allegations of the Baker Affidavit concerning ADESA's contacts Lack Foundation and/or are based on Inadmissible Hearsay; but even if considered ADESA's 12(b)(2) Motion Should still be Granted as a Matter of Law.**

The Response relies on an affidavit from Baker ("Baker Aff.") to try and remedy some of the defects in the Complaint including their failure to plead fraud with specificity (Baker Aff. ¶¶6-7) or to identify any damages arising therefrom (Baker Aff. ¶¶ 7-10).  The Baker Aff. further presents various alleged contacts of ADESA to Rhode Island (Baker Aff. ¶¶ 10-13).[7]  Putting aside the impropriety of submitting an affidavit introducing new allegations (*see* Baker Aff. ¶¶ 5-9) in response to an FRCP 12(b)(6) motion that submitted nothing but contracts incorporated into the pleading and matters for which judicial notice can be taken, it is clear this Court may

---

[6] The Response conspicuously fails to address judicial comity, a central reason cited in the Motion for why dismissal is proper.

[7] ¶ 14 may also have been offered for this purpose but by only mentioning actions by AFC, a separate entity, provided nothing of probative value in relation to ADESA.

consider affidavits concerning issues of personal jurisdiction in relation to ADESA's 12(b)(2) motion.  *See Chen*, 956 F.3d 45, 55-56 (1st Cir. 2020).  However, it is equally clear that such affidavits must be made by someone who "has adequate knowledge of the situation." *Id.* (additional citations omitted).  The Baker Aff. fails to provide any foundation for his claims in Paragraphs 10-13 that he "know[s]" of relationships between ADESA and non-party auto dealerships in Rhode Island.  The only possible basis for such "knowledge" must be out of court statements of such third-parties, now offered for the truth of such statements, and therefore inadmissible hearsay under FRE 802.   Even if considered, such unsupported allegations fail to show that ADESA is subject to general jurisdiction in Rhode Island[8] in light of the Supreme Court's unanimous ruling in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

Pre-*Bauman*, defendants were often haled into foreign courts under general jurisdiction principles due to non-suit-related business based in the forum state. The United States Supreme Court's 2011 decision in *Goodyear Dunlop Tires Operations v. Brown* stated that general jurisdiction is limited to situations where the defendant's contacts with the forum are "so 'continuous and systemic'" as to render the corporation "at home" there. 131 S. Ct. 2846, 2851 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).[9]  Because lower courts applying *Goodyear* continued to exercise general jurisdiction over out-of-state defendants when their contact with the state was relatively minimal, the Court used the 2014

---

[8] Plaintiffs make no claim that any of the events in the complaint occurred in Rhode Island such that specific jurisdiction exists and instead argues only that ADESA is subject to general jurisdiction in this state (p. 11).

[9] Justice Ginsberg's unanimous *Bauman* opinion made a point of distinguishing the personal jurisdiction analysis from *International Shoe*, where "the in-state activities of the corporate defendant … gave rise to the liabilities sued on" from the much more limited general jurisdiction analysis of *Goodyear* where the "suit against it [is] on causes of action arising from dealings entirely distinct from those [in-state] activities." *Id.* at 754.

6

decision in *Bauman* to clarify and reign in what may constitute being "at home" for general jurisdiction.

In *Bauman*, the Court rejected the "unacceptably grasping" and "exorbitant" theory that general jurisdiction may be exercised in any state in which a corporation engages in "substantial, continuous, and systemic" business. 134 S. Ct. at 760-61. The Court's decision then reiterates that it is not proper to subject defendants to general jurisdiction outside of its place of incorporation or its principal place of business, as "[t]hese bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Bauman*, at 760.

Unless, that is, there are "exceptional" circumstances, none of which exist to justify subjecting ADESA to general jurisdiction herein. For example, the Supreme Court held in *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) that the foreign defendant was subject to jurisdiction in Ohio because its president's relocation to Ohio where he oversaw the company's activities was its principal place of business at that time, even if the office and presence in Ohio was temporary. *See also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 n.11 (1984) (stating rationale used in *Perkins*). In other words, while Ohio was not the place of incorporation or its normal principal place of business, in the unusual circumstance where the president sent up a temporary location to direct company activities, the company was essentially "at home" in Ohio, even though it was temporary.

Thus, the focus is on whether the activities resemble what a company performs when "at home" as opposed to some quantum of business related to the forum. In that respect it is clear that even if the foundationally defective and/or hearsay clams of the Baker Aff. concerning "minimum contacts" of ADESA are considered by this Court, such still fail to establish the

general jurisdiction of ADESA in Rhode Island as a matter of law when ADESA is a Delaware Corporation with a principal place of business in Indiana, the only two places where it is subject to general jurisdiction under the *Bauman* rule. (Motion, Ex. E).

### C. The state law claims fail as a matter of law.

As shown above, ample jurisdictional defects and judicial comity justify dismissal of Plaintiff's Complaint as to both Defendants without even discussing the Complaint's lack of substantive merit, but the baselessness of some assertions in the Response nonetheless deserve reply. For example, Plaintiffs claim the new factual allegations in the Baker Aff. remedy their failure to allege fraud with specificity as required by Ind. T.R.9(b). Response, p. 12. The new "fact" that "Michael Flanagan on or about May 29, 2018 told Metro by telephone that AFC would not repossess…" (Response, pg. 12, citing Baker Aff. ¶ 6), however, wholly defeats the fraud claim. It has forever been the law in Indiana that "[f]raud cannot be predicated upon acts which the party charged has a right by law to do, nor upon the non-performance of acts which by law he is not bound to do, whatever may be his motive, design or purpose, either in doing or not doing the acts complained of." *Sachs v. Blewett*, 206 Ind. 151, 156 (Ind. 1933). Further, "actionable fraud cannot be predicated upon a promise to do a thing in the future although there may be no intention of fulfilling the promise." *Id.* (additional citations omitted).

Plaintiffs admit they were in default with AFC at the time of the repossession (Complaint ¶ 34), and AFC therefore had a contractual right engage in the allegedly improper conduct, which alone defeats Count I of the Complaint. Motion Ex. A., Note, ¶ 8.1. Moreover, and even if the conversation proffered in the Baker Aff. occurred exactly as alleged, the statement attributed to Michael Flanagan is clearly a statement of future intent and "a claim of actual fraud cannot be based on representations of future conduct, on broken promises, or on

8

representations of existing intent that are not executed." *Barton v. Barton*, 47 N.E.3d 368, 375 (Ind. Ct. App. 2015), citing *Wallem v. CLS Indus., Inc.*, 725 N.E.2d 880, 889 (Ind. Ct. App. 2000).[10]  Having identified no other allegedly false or fraudulent statements by AFC or ADESA, Count I must be dismissed for failure to state a claim.

Plaintiff's response to the Motion as related to Counts II and III are equally misplaced and cannot be maintained in light of the contractual language and the final judgment rendered in favor of NextGear which specifically found Plaintiffs to be in default of their obligations to NextGear by virtue of their failure to pay a third party creditor.  *See* NextGear Motion, Ex. E, pg. 2, ¶ 7.  Plaintiff's tortured and circular argument is that AFC interfered either with their contract with NextGear or with AFC's own contract, however Plaintiffs either admit or have been found by a competent judge to have been in default under both, yet seek to avoid the consequences which naturally flow from such defaults.[11]

The bases asserted by Plaintiffs for maintaining the remaining Counts of the Complaint are littered with misstatements of fact or Indiana law that wholly fail to address the items raised in the Motion.  For example, and contrary to the statement on pg. 13 of the Response, both the AFC Note and Guaranty contain enforceable waivers of claims or defenses based on impairment

---

[10] *See also*, ¶ 9.8 wherein Metro "acknowledges and agrees that [AFC], at any time, without notice and with or without reason, may demand that this Obligation be immediately paid in full. [Metro] acknowledges that demand may be made by [AFC] even if [Metro] is in compliant with each and every term of the Note."

[11] Plaintiffs do not even respond to the dispositive matters outlined in the Motion that: (i) "[a] party cannot 'interfere' with its own contracts, so the tort itself can be committed only by a third party." *Trail v. Boys & Girls Clubs of Northwest Ind.*, 845 N.E.2d 130, 138 (Ind. 2006); *see also Winkler v. V.G. Reed & Sons*, 638 N.E.2d 1228 (Ind. 1994); (ii) the unambiguous contract language permitted any conversations between AFC and NextGear concerning the Plaintiffs' creditworthiness (Ex. A, Note, ¶¶ 8.1, 9.17); or (iii) that legitimate justification (including protection of business interests) absolutely defeats claims of tortious interference in Indiana.

9

of collateral.  Motion, Ex. A., pp. 1, 16.  Both also contain limitations of liability that prohibit Plaintiffs from being awarded "**LOST PROFITS OR ... ANY SPECIAL, PUNITIVE, INCIDENTAL OR CONSEQUENTIAL DAMAGES WHATSOEVER EVEN IF [AFC] KNEW ABOUT THE POSSIBILITV OF SUCH DAMAGES**." *Id.* at pp. 10, ¶ 9.14, 17 (emphasis in original).  There is no duty of good faith inferred into AFC's contract with Plaintiffs (*see Old Nat'l Bank v. Kelly*, 31 N.E.3d 522, 531 (Ind. Ct. App. 2015), which is not an independent claim cognizable in Indiana even if there were.  At most, any such breach would be a defense to Plaintiffs' liability to AFC that must be litigated in the Indiana Proceedings.

### III.   CONCLUSION

The Complaint, both procedurally and substantively, fails to state a claim upon which relief can be granted by this Court against AFC or ADESA.  Under clear Supreme Court precedent ADESA is not subject to the general jurisdiction of this Court and none of the allegations involve any conduct in Rhode Island that would justify exercising specific jurisdiction (nor is specific jurisdiction ever argued by Plaintiffs).  Plaintiffs do not challenge that Metro agreed that all litigation against AFC must be in Indiana, and Baker's belated claims of modification to the forum selection provisions of his Guaranty, along with all of the defenses in their Answer (Response, Ex. B) that are now repackaged into affirmative claims in the Complaint, have been the subject of litigation in Indiana for nearly two (2) years.  Comity and the risk of inconsistent rulings, alone, justify dismissal of these claims, which based on the contractual language and Indiana law also fail to meet the "plausibility" requirement under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal is eminently proper.

Respectfully submitted,

/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, III (#6907)
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903-1765
Tel: (401) 831-8900
Fax: (401) 751-7542
jvc3@blishcavlaw.com

Reynold T. Berry, Esq.
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St. Suite 1400
Indianapolis, IN 46204
317/860-2922 (Direct)
317/453-8622 (Fax)
rberry@rubin-levin.net

*Attorneys for Automotive Finance Corporation d/b/a AFC and ADESA, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 20, 2020, I caused a true copy of the foregoing document to be filed using the CM/ECF System and it is available for viewing and downloading by all counsel of record as follows:

  Harris K. Weiner
  Salter McGowan Sylvia & Leonard, Inc.
  56 Exchange Terrace
  Providence, RI 02903
  401-274-0300
  Fax: 401-453-0073
  hweiner@smsllaw.com

  Katharine E. Kohm
  Pierce Atwood LLP
  One Financial Plaza
  26th Floor
  Providence, RI 02903
  (401) 490-3429
  Fax: 401-588-5166
  kkohm@pierceatwood.com

              /s/ *Joseph V. Cavanagh, III*