UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CT102 LLC d/b/a Metro Motors and H.
Jeffrey Baker,

      Plaintiffs,

      v.                                   Civil Action No.:1:20-cv-356-MSM-PAS

Automotive Finance Corporation d/b/a AFC;
NextGear Capital, Inc.; Southern Auto Sales,
Inc., AUTOTEC, LLC d/b/a AUTOACCESS,
LLC; Manheim, Inc.; and ADESA, Inc.

      Defendants.

**REPLY IN SUPPORT OF MOTIONS OF DEFENDANTS,
NEXTGEAR CAPITAL, INC. AND MANHEIM REMARKETING, INC. TO
DISMISS FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE TO STAY
PENDING COMPLETION OF MANDATORY ARBITRATION**

Defendants, NextGear Capital, Inc. ("NextGear") and Manheim Remarketing, Inc. ("Manheim" and sometimes collectively with NextGear, the "Defendants"), by counsel, respectfully submit this Reply in support of their Motions to Dismiss Plaintiff's First Amended Complaint or in the Alternative to Stay Pending Completion of Mandatory Arbitration (Doc. 26 and 28) as to NextGear and Manheim (collectively, the "Motions") and in response to the Opposition of Plaintiffs, CT102 LLC d/b/a Metro Motors ("Metro Motors") and H. Jeffrey Baker ("Baker") to the Motions filed on November 30, 2020 (Doc. 33) (the "Response"), state as follows:

**I. SUMMARY OF ARGUMENT**

Simply put, the claims against Manheim and NextGear in Plaintiffs' Complaint[1] are too late, already decided, or brought in the improper place, and therefore must be dismissed. The

---

[1] Capitalized terms not defined herein are defined in the Motions.

Plaintiffs' Response does nothing to change this outcome.  Plaintiffs agreed to arbitrate all claims against Defendants and consented to exclusive venue for any lawsuits in the state and federal courts of Marion County and Hamilton County, Indiana as to NextGear, and Fulton County, Georgia as to Manheim.

Furthermore, as to NextGear, the full faith and credit and preclusive consequences of the Indiana Final Judgment against Plaintiffs require dismissal.

Plaintiffs' claims are defeated by the language of the contracts between the parties and an adverse judgment.  The First Amended Complaint should therefore be dismissed for failure to state a claim for which relief may be granted, under Fed. R. Civ. Pro. 12(b)(6), as to both NextGear and Manheim.

## II.  LEGAL ARGUMENT

### A.  Conversion to Summary Judgment is not Required by the Exhibits to the Motions.

First, a housekeeping issue must be addressed.  The Response incorrectly argues that conversion to a motion for summary judgment is required because Defendants introduced documents that are neither central to the action nor appropriate for judicial review.  (Doc. 33-1 at p. 16).  Specifically, the documents attached to the NextGear Motion relate to an ongoing two-year Indiana state court litigation and include the State Complaint and exhibits thereto, the Answer and Affirmative Defenses, the Order Entering Summ. J., the Appeal Opinion and Final Judgment (collectively the "NextGear Documents") (Doc. 28-2 to 28-6).  The documents attached to the Manheim Motion include the Contract as supported by the Tai Affidavit and Morris Affidavit (collectively the "Manheim Documents") (Doc. 26-2 and 26-3).

The NextGear Documents and the Manheim Documents fall squarely within the First Circuit's well-defined summary judgment conversion exception for consideration of documents

"that are central to the plaintiff's claim or sufficiently referred to in the complaint, even if those documents are not physically attached to the pleading." *Carrero-Ojeda v. Autoridad De Energia Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014) (additional citations omitted). Plaintiffs readily admit to business relationships with NextGear and Manheim, so the NextGear Documents and Manheim Documents governing those relationships are clearly "central to plaintiff's claim or sufficiently referred to in the complaint…" *Id.* Nowhere does Metro Motors deny the authenticity of the NextGear Documents and Manheim Documents, which clearly require all claims be arbitrated or litigated in Indiana or Georgia, respectively.

Contracts central to Plaintiffs' claims aside, the NextGear Documents include filings from the Indiana Action and therefore are "matters of public record … susceptible to judicial notice," *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008). The NextGear Documents from the Indiana Action show that the claims raised by Plaintiffs against NextGear were litigated to conclusion in Indiana and were decided against the Plaintiffs. This Court may take judicial notice of the relevant state court filings in the Indiana Action to "supplement the facts contained in the pleadings." *R.G. Financial Corp. v. The Vergara-Nunev*, 446 F.3d 178, 182 (1st Cir. 2006).

## ARBITRATION PROVISIONS AND FORUM SELECTION PROVISIONS

Plaintiffs have improperly filed suit in the Rhode Island Federal District Court instead of filing for arbitration or litigating in Marion County or Hamilton County, Indiana (NextGear) as required, or arbitrating or litigating in Fulton County, Georgia (Manheim), as likewise required. All of Plaintiffs' claims in their Complaint relate to services memorialized in the Contract

agreement between Manheim and the Plaintiffs[2] and the Note and Guaranty Agreements with NextGear.

For Manheim, the Contract has a mandatory Arbitration Provision (See Contract p. 10-11 at ¶ 26) (Doc. 26-2 at pgs. 17-19). It also includes a fall-back forum-selection clause, which unequivocally states that for any disputes not arbitrated, the jurisdiction and venue for any suit brought against Manheim is Fulton County, Georgia to the exclusion of all others. (See Contract p. 9 at ¶25) (Doc. 26-2 at pg. 16).

For NextGear, both Agreements require arbitration ((Note, Section 22, Doc. 28-2 at pg. 18) and (Guaranty, Section 5(e)(i), Doc. 28-2 at pg. 32)) and also include a fall-back forum-selection clause, which unequivocally state that for any disputes not arbitrated, the jurisdiction and venue for any suit against NextGear is Marion County, Indiana or Hamilton County, Indiana to the exclusion of all others. ((Note, Section 21, Doc. 28-2 at pg. 18) and (Guaranty, Section 5(d), Doc. 28-2 at 32).[3]

The First Circuit Court of Appeals, like all federal circuits, strongly favors arbitration and regularly compels disputes be resolved in that forum in accordance with contract language. Likewise, the First Circuit has held that a valid forum-selection clause, such as contained in the Agreements, requires dismissal under Fed. R. Civ. Pro. 12(b)(6) for failing to state a claim for which relief can be granted. *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir.2014); *Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir.2009).

---

[2] Plaintiffs may not recall electronically accepting the Contract, but Plaintiffs do not dispute "click through" execution of the Contract. (Baker Affidavit ¶12).

[3] Baker claims that "he expressly amended the NextGear individual guaranty contract to change jurisdiction and venue from Indiana to Rhode Island." (Resp., p. 3). However this claim has been adjudicated and denied in the Indiana Action. Furthermore, Baker makes no claim that either of the Plaintiffs made any amendment to the venue provisions in the Note or the Arbitration Provisions in the Note and Guaranty and these apply to the present case.

In the Response (Doc. 33-1 at pg. 3-4), Plaintiffs claim without support that the Agreements and Contract are *per se* unconscionable because they allow Defendants but not Plaintiffs to seek judicial relief rather than arbitration. Plaintiffs' assertion regarding unconscionability is incorrect. Rather "[a] forum selection clause in a contract is conscionable even where one party must arbitrate while the counter-party may elect either to litigate or arbitrate." *Unconscionable Arbitral Contracts*, 138 Am. Jur. Trials 301. Indeed Georgia law, which applies to the Manheim Agreement (Doc. 26-2 at pg. 16), and Indiana law, which applies to the NextGear Note and Guaranty (Doc. 28-2 at pgs. 18 and 32), unanimously conclude that unequal obligations – such as the unilateral choice whether to litigate or arbitrate – do not render an agreement unconscionable.[4] *See, e.g.*, *Crawford v. Great American Cash Advance, Inc.*, 644 S.E.2d 522, 525 (Ga. App. Ct. 2007) (rejecting that an "arbitration clause [in pay day loan contract] is unconscionable because it allows [the lender] the alternative remedy of enforcing payment obligations through the judicial process, in addition to arbitration, but does not afford [borrower] the same right"); *Doe 1 v. Carmel Operator, LLC*, 144 N.E.3d 743, 754 (Ind. App. Ct. 2020) (rejecting the plaintiff's argument that "prohibiting judicial review" in an "arbitration agreement is both substantively and procedurally unconscionable" and purportedly "one-sided and harsh" and instead holding that "a contact is not unenforceable merely because one party

---

[4] "Arbitration is a matter of contract, and for the most part, general principles of state contract law control the determination of whether a valid agreement to arbitrate exists." *Campbell v. Gen. Dynamics Gov't Sys. Corp.*, 407 F.3d 546, 552 (1st Cir. 2005). Here, the undisputed contractual choice of law provisions selecting Indiana and Georgia law are controlling. Rhode Island law does not apply. But, in any event, Rhode Island is in accord with Georgia and Indiana rejecting that the unilateral choice as to the dispute resolution method fails for lack of mutuality. *See Britto v. Prospect Chartercare SJHSRI, LLC*, 909 F.3d 506, 514 (1st Cir. 2018) (applying Rhode Island law and observing that the plaintiff cited no authority for "his theory . . . that because the offer letter gave [employer] the exclusive right to alter the arbitration agreement [the employer's] promise to arbitrate was illusory making the agreement unenforceable regardless of whether [employer's contract as a whole] was non-illusory and thus satisfactory consideration" and holding also that the arbitration agreement was not unconscionable where the plaintiff failed to meet the two-part test in that "(1) there is an absence of meaningful choice on the part of one of the parties; and (2) the challenged contract terms are unreasonably favorable to the other party").

enjoys advantages over another, [] an adhesion contract is not per se unconscionable" and that an "arbitration agreement [for a nursing home resident was] valid, enforceable, and applicable" notwithstanding it precluded litigation). In sum, the subject Contract, Note, and Guaranty are all conscionable. Moreover, both the Manheim and NextGear Arbitration Provisions provided a mechanism for Plaintiffs to opt out of arbitration. Plaintiffs chose not to avail themselves of this opt out.

It bears emphasizing that in each of the cases cited above the complaining parties were consumers. Here, affording one party unilateral rights under a contract is even further reasonable where Plaintiffs confirmed that they are commercial parties. *See Interstate Sec. Police, Inc. v. Citizens and Southern Emory Bank*, 226 S.E.2d 583, 584 (Ga. 1976) (holding that "we do not find this commercial loan transaction between the borrower corporation and lender bank to be unreasonable or 'unconscionable.' Rather, it appears to be a negotiated arm's length business transaction between sophisticated commercial parties. Unless invalid for some other reason, the court has no right to excuse the parties from compliance with these agreements"); *Petroleum Helicopters, Inc. v. Rolls-Royce Corp.*, 2016 WL 7179362, at *5 (S.D. Ind. 2016) (holding that "sophisticated commercial actors should be free to allocate risks as they see fit, and courts should not interfere simply because such risks have materialized" (citing *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 948 (Ind. 2001)). The Manheim Contract Agreement stated that "[Plaintiffs] acknowledge and agree that [they] are a sophisticated commercial part[ies.]" (Doc. 26-2 at pg. 9). NextGear's Note stated that "[t]his Note and all Advances requested or made hereunder shall be requested and made only for commercial purposes and [Plaintiffs] hereby expressly and unconditionally waives, to the fullest extent permitted by Law, the protections of any Law intended to protect consumers or regulate

consumer loans" (Doc. 28-2 at pg. 12) and, likewise, NextGear's Guaranty stated that "[Plaintiff Baker] hereby expressly waives . . . protections of any Laws intended to protect consumers or regulate consumer loans, as the Liabilities are commercial in nature" (Doc. 28-2 at pg. 29).

Finally, Manheim and NextGear note that Plaintiffs have challenged the Agreements as whole because they are "unconscionable." [Doc. 33-1 at pg. 2, 3, 11]. "Even within the 'validity challenge' realm, there's another distinction: A challenge to the validity of an entire contract containing an arbitration provision must go to an arbitrator. [ ] Meanwhile, a challenge to the validity of the arbitration provision itself must be decided by the court." *National Federation of the Blind v. The Container Store, Inc.*, 904 F.3d 70, 81 (1st Cir. 2018) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443-45 (2006) & *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402-04 (1967)). So, for yet another reason, because Plaintiffs have challenged the validity of the entire contract, Plaintiffs must allow the arbitrator to decide this dispute.

As for Plaintiffs' other challenge to the breadth of the Arbitration Provisions, all the claims at issue in this case are well within the broad scope of the Arbitration Provisions. All of Plaintiffs' claims are rooted in the services provided by Manheim and NextGear pursuant to the Contract and Agreements and to the consequences that flowed from Plaintiffs' breach thereof. As to Manheim, the provision covers "any dispute or claim that you may have with Manheim that arises out of *or relates in any way* to these terms and conditions; any purchase, sale, or other auction or credit transaction with Manheim; your use of any Manheim website, online portal or any Manheim product or service; or any other agreement between you and Manheim." (Manheim Contract [Ex. A] §26(a), Doc. 26-2 at 16) (emphasis added). As to NextGear, the Arbitration Provisions cover "all disputes, claims and counterclaims arising out of or relating to

3971955.2                                                                  7

this Note [Guaranty] or any other Loan Document *or any aspect of Borrower's [Guarantor's] relationship with Lender*." (Note §22(a), Doc. 28-2 at pg. 18) and (Guaranty, Section 5(e)(i), Doc. 28-2 at pg. 32)) (emphasis added)  A broad arbitration clause that "memorializ[es] [the parties] intention to arbitrate 'any dispute…' is one that the parties clearly anticipated would be resolved by an arbitrator, not a court." *See Biller v. S-H OpCo Greenwich Bay Manor, LLC*, 961 F.3d 502, 515-16 (1st Cir. 2020).  The Plaintiffs have therefore agreed that they would arbitrate all disputes and claims asserted against NextGear and Manheim in the First Amended Complaint.

## NEXTGEAR – COMPULSORY COUNTERCLAIMS

As set forth in NextGear's Motion, this Court should dismiss the above action for at least two reasons.  First, as detailed in the prior section, Plaintiffs have improperly filed suit in Rhode Island Federal District Court instead filing for arbitration as required or in Hamilton County, Indiana, where venue is required and where the concluded Indiana Action has been pending for two years.  Second, Plaintiffs failed to raise their compulsory counterclaims against NextGear in the Indiana Action, and as such, the claims in the Complaint are barred.

Plaintiffs improperly bring claims against NextGear in their Complaint. All of the Plaintiffs' claims against NextGear were–or were required to have been–litigated in the Indiana Action.  The proper application of both federal and Indiana law results in the inescapable conclusion that Plaintiffs are precluded from re-litigating these claims in any court, including the United States District Court for the District of Rhode Island. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481-82 (1982); *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 184-85 (1st Cir. 2006).

In their Response, Plaintiffs claim that the compulsory counterclaims are not pertinent to the substance of the Complaint because those causes of action are outside of the

"unconscionable" NextGear Contract.  (Resp., Doc. 33-1 at p. 2).  However, both the Indiana Action and this Court employ the same standard for compulsory counterclaims, i.e. did the claim "arise out of the transaction or occurrence that is the subject of the opposing party's claim."  Fed. R. Civ. P. 13(a), Ind. R. of Trial P. 13(a).  Whether or not the NextGear Note and Guaranty are unconscionable, which they are not, it is irrelevant to this analysis.

All of the Plaintiffs' claims in the Complaint relate to Plaintiffs' secured lending relationship with NextGear and the associated contractual remedies invoked upon Plaintiffs' default.  As detailed in NextGear's Motion, Plaintiffs' **Count II** alleging tortious interference with contractual relations relies on the borrower-lender relationship with NextGear (First Amd. Compl., Doc. 4 at p. 8 at ¶55) and Baker's personal Guaranty of this borrower-lender relationship (First Amd. Compl., Doc. 4 at p. 8 at ¶56).  Similarly, **Count III** alleging conspiracy to tortiously interfere arises solely out of the Note and Guaranty, particularly the default and collateral provisions of the Note.  (First Amd. Compl., Doc. 4 at p. 10 at  ¶71).  Likewise, **Count IV** alleging negligence is precluded as it is founded upon NextGear's repossession of its collateral.  (First Amd. Compl., Doc. 4 at p. 11 at ¶82).  **Count V** alleging breach of the covenant of good faith and fair dealing necessarily acknowledges that this claim arises from the NextGear contractual relationship under the Note and Guaranty.  (First Amd. Compl., Doc. 4 at p. 12 at ¶87.)  Finally, **Count VI** alleging unjust enrichment is fabricated upon NextGear's repossession of collateral remedies.  (First Amd. Compl., Doc. 4 at p. 13 at ¶94.)

Plaintiffs then argue "compulsory counterclaims, which are a procedural matter to be analyzed under the Federal Rules of Procedure (and not Indiana rules), are not compelled." (Resp., Doc. 33-1 at p. 3).  This is not an accurate statement of the law.  Rather, "Full Faith and Credit does require the federal courts to honor state-court judgments . . . and thus similarly to bar

compulsory counterclaims *defined under comparable state compulsory-counterclaim rules* but omitted from state-court judgments" 6 *Fed. Prac. & Proc. Civ*. § 1417 Compulsory Counterclaims—Effect of Failing to Plead a Compulsory Counterclaim (3d ed.) (emphasis added). *See e.g. R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 185 (1st Cir. 2006) (holding that "the cases proffered by [defendant] involve interpretations of the *federal* compulsory counterclaim rule. While the language of the Puerto Rican compulsory counterclaim rule is virtually identical, [defendant] has not identified a single case in which a Puerto Rico court has either spoken to the issue or stated how—if at all—decisions interpreting the federal rule bear on the analysis of cases involving the Puerto Rican rule") (emphasis original). As NextGear explained in its memorandum of law (Doc. 28-1 at pgs. 6-12), Indiana law on compulsory counterclaims applies here. All of the claims asserted against NextGear directly relate to the contractual relationship between Metro Motors and Baker on the one hand, and NextGear on the other. The logical relationship or aggregate set of operative facts that spawned the Indiana action are the same as those spawning the claims in the Complaint. *Ratliff v. Citizens Bank of Western Indiana*, 768 N.E.2d 964, 969 (Ind. Ct. App. 2002). Therefore Plaintiffs have waived all right to assert such claims as they were compelled under the Indiana Trial Rules and Indiana case law to bring claims against NextGear as a counterclaim in the Indiana Action. *Id.* at 966-967.

### III. CONCLUSION

Valid and enforceable Arbitration Provisions and Forum Selection provisions contained in the NextGear Note, Guaranty and Manheim Contract require that the Complaint be dismissed. These agreements are central to each claim asserted against Defendants in the Complaint and the

Arbitration Provisions and Forum Selection Provisions require that Plaintiffs either arbitrate all disputes against Defendants or sue NextGear in Indiana and Manheim in Georgia.

As an additional basis for dismissal of NextGear, Plaintiffs attempt a second post-Final Judgment bite at the apple by improperly bringing claims against NextGear that have been fully adjudicated in the Indiana Action. Plaintiffs appeared, filed an answer and affirmative defenses in the Indiana Action. Plaintiffs vigorously litigated summary judgment and lost. Plaintiffs initiated an appeal and also lost. The Indiana Court of Appeals found Plaintiffs liable for breach of contract and remanded for a damages trial. Only then did Plaintiffs file this federal action. Thereafter Plaintiffs lost at trial. For Plaintiffs to relitigate the loss in Rhode Island federal court is absurd. The Indiana Action was the original and appropriate vehicle for addressing Plaintiffs' claims, as each arises under the same transaction or occurrence that was the subject matter of the Indiana Action. Therefore, Plaintiffs' claims against NextGear are precluded by *res judicata*.

WHEREFORE, Defendants, NextGear Capital, Inc. and Manheim Remarketing, Inc., respectfully request that that this Court enter an order dismissing all counts against NextGear Capital, Inc. and Manheim Remarketing, Inc. in Plaintiffs' First Amended Complaint, or in the alternative stay this action to permit mandatory arbitration to proceed, and for such other relief as this Court deems just and proper.

*[Intentionally blank, signatures on following page]*

|  |  |
|---|---|
| | Respectfully submitted,<br>**DEFENDANTS**<br>**NEXTGEAR CAPITAL, INC. and**<br>**MANHEIM REMARKETING, INC.**<br>by their counsel, |
| Dated: December 7, 2020 | /s/ Katharine E. Kohm |
| | Katharine E. Kohm (#8194)<br>PIERCE ATWOOD LLP<br>One Financial Plaza, Suite 2600<br>Providence, Rhode Island 02903<br>Tel: (401) 588-5113<br>kkohm@pierceatwood.com |
| | *(pro hac vice motion to be filed)*<br>David J. Jurkiewicz, Esq.<br>BOSE MCKINNEY & EVANS LLP<br>111 Monument Circle, Suite 2700<br>Indianapolis, Indiana 46204<br>DJurkiewicz@boselaw.com |

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed with the Clerk of the Court on the 7th day of December and that it is available for viewing and downloading from the Court's CM/ECF system. All counsel of record for represented parties have been served by electronic means on the date this document was filed. All parties who are self-represented or whose counsel have not yet entered an appearance have been served by U.S. Mail, first class postage prepaid, and email on the date this document was filed.

| *Counsel for Plaintiffs (e-filing)* | *Counsel for Defendants Automotive Finance Corporation d/b/a AFC and ADESA, Inc. (e-filing)* |
|---|---|
| Harris K. Weiner (#3779)<br>Salter, McGowan, Sylvia & Leonard, Inc.<br>56 Exchange Terrace, Suite 500<br>Providence, RI 02903<br>Office: (401) 274-0300<br>Fax: (401) 453-0073<br>hweiner@smsllaw.com | Joseph V. Cavanagh , III<br>Blish & Cavanagh LLP<br>30 Exchange Terrace<br>Providence, RI 02903<br>Office: (401) 831-8900<br>Fax: (401) 490-7640<br>jvc3@blishcavlaw.com |

/s/ Katharine E. Kohm

3971955.2                                     12