UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CT102 LLC d/b/a Metro Motors and H. Jeffrey Baker,

      Plaintiffs,

      v.            Civil Action No.:1:20-cv-356-MSM-PAS

Automotive Finance Corporation d/b/a AFC;
NextGear Capital, Inc; Manheim, Inc.;
and ADESA, Inc.

      Defendants.

### DEFENDANT NEXTGEAR CAPITAL, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE TO STAY PENDING COMPLETION OF MANDATORY ARBITRATION

Defendant NextGear Capital, Inc. ("NextGear"), based upon the doctrine of *res judicata* and pursuant to the Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court for an order dismissing all counts against NextGear in the Second Amended Complaint ("Second Amended Complaint") filed by Plaintiffs, CT102 LLC d/b/a Metro Motors ("Metro Motors") and H. Jeffrey Baker ("Baker," and together with Metro Motors, collectively "Plaintiffs"), or, in the alternative, to stay the same pending completion of the mandatory arbitration provisions in the contracts between the parties.

Plaintiffs filed the complaint in this jurisdiction, then amended the complaint twice in an attempt to "get a second bite at the apple."[1] NextGear and Plaintiffs have been litigating in state court in Indiana on the same underlying issues for over 2 years. In fact, the Hamilton County, Indiana Court already entered a final unappealable judgment in favor of NextGear and against Plaintiffs, awarding NextGear breach of contract damages in the amount of $205,494.11.

---

[1] Technically a third bite.

Notwithstanding that the Indiana action is complete and all appeal options exhausted, Plaintiffs filed the Second Amended Complaint in Rhode Island to bring claims that they already raised or new claims they failed to raise against NextGear in the Indiana action. The Plaintiffs' claims of the Second Amended Complaint are compulsory counterclaims and therefore are forever barred.

Furthermore, even if their claims were not all barred, Plaintiffs are in the wrong forum. Plaintiffs improperly filed suit in this Federal District Court in Rhode Island instead of proceeding to mandatory arbitration in Indianapolis, Indiana as contractually required. Plaintiffs do not dispute that they both agreed in writing, in separate contractual agreements, that they must arbitrate all claims against NextGear, and even if not arbitrated, Plaintiffs may not sue NextGear in any jurisdiction except Marion County or Hamilton County, Indiana.

Simply put, the claims against NextGear in Plaintiffs' Second Amended Complaint are too late, already decided, or brought in the improper place and therefore must be dismissed. In support of its Motion, NextGear submits its accompanying Memorandum of Law, and all exhibits referenced therein, which consist of the pleadings, summary judgment order, appeals decision in the Indiana Action and Final Judgment, all of which this Court may take judicial notice of, and all of which are central to the matter before this Court.

WHEREFORE, Defendant NextGear Capital, Inc., respectfully requests that that this Court enter an order dismissing all counts against NextGear Capital, Inc. in Plaintiffs' Second Amended Complaint, or in the alternative stay this action to permit mandatory arbitration to proceed in Indiana, and for such other relief as this Court deems just and proper.

Respectfully submitted,
**DEFENDANT**

|  |  |
|---|---|
|  | **NEXTGEAR CAPITAL, INC.**<br>by counsel, |
| Dated : Nov. 8, 2021 | */s/ Katharine E. Kohm*<br>Katharine E. Kohm (#8194)<br>PIERCE ATWOOD LLP<br>One Financial Plaza, Suite 2600<br>Providence, Rhode Island 02903<br>Tel: (401) 588-5113<br>kkohm@pierceatwood.com |
|  | */s/ David J. Jurkiewicz*<br>David J. Jurkiewicz (IN #18018-53)<br>*(admitted pro hac vice)*<br>BOSE MCKINNEY & EVANS LLP<br>111 Monument Circle, Suite 2700<br>Indianapolis, Indiana 46204<br>djurkiewicz@boselaw.com |

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed with the Clerk of the Court on the 8th day of November, 2021, and that it is available for viewing and downloading from the Court's CM/ECF system.  All counsel of record for represented parties have been served by electronic means on the date this document was filed.  All parties who are self-represented or whose counsel have not yet entered an appearance have been served by U.S. Mail, first class postage prepaid, and email on the date this document was filed.

*Counsel for Plaintiffs (e-filing)*
Harris K. Weiner (#3779)
Salter, McGowan, Sylvia & Leonard, Inc.
56 Exchange Terrace, Suite 500
Providence, RI 02903
Office: (401) 274-0300
Fax: (401) 453-0073
hweiner@smsllaw.com

*Counsel for Defendants Automotive Finance Corporation d/b/a AFC and ADESA, Inc. (e-filing)*
Joseph V. Cavanagh , III (#6907)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
Office: (401) 831-8900
Fax: (401) 490-7640
jvc3@blishcavlaw.com

Reynold T. Berry (Ind. Atty #25482-49)
*(admitted pro hac vice)*
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN 46204
Office: (317) 634-0300
Fax: (317) 263-9410
rberry@rubin-levin.net

                                                                                            */s/ Katharine E. Kohm*