# Exhibit E

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE HAMILTON CIRCUIT COURT |
| ) SS: | | |
| COUNTY OF HAMILTON ) | | CAUSE NO. 29C01-1809-CC-008218 |

NEXTGEAR CAPITAL, INC.,
    Plaintiff,

vs.

CT102 LLC,
  d/b/a JD BYRIDER OF NEW HAVEN
  AND METRO MOTORS, and
HERMAN JEFFREY BAKER,
    Defendants.

**FILED**
October 15, 2020
CLERK OF THE HAMILTON
CIRCUIT COURT

## ORDER ON TRIAL OF OCTOBER 6, 2020

Comes now the Court, being duly advised, after conducting a trial at which the Plaintiff, NextGear Capital, Inc. ("NextGear"), by counsel, and the Defendants and counsel, appeared on October 6, 2020, the Court having taken the matter under advisement, now enters the following decision:

### FINDINGS OF FACT

1. On or about January 31, 2014, Defendant-CT102 LLC ("Dealer") executed and delivered to Plaintiff a Demand Promissory Note and Loan and Security Agreement (the "Note") in the principal amount of $300,000.00. (Complaint Exhibit A)

2. On or about January 31, 2014, Guarantor executed and delivered to Plaintiff an Individual Personal Guaranty (the "Guaranty") whereby Guarantor, Herman Jeffrey Baker ("Defendant-Baker") guaranteed to Plaintiff full and payment when due of Dealer's obligations under the Note, without exception. (Complaint Exhibit B). Defendant-Baker denied agreeing to the terms of the

3942996

Guaranty; however, offered no substantive credible proof that he did not sign the Guaranty.

3. The Note and the Guaranty grant the courts of Hamilton County, Indiana jurisdiction over all matters arising between the parties under either the Note or the Guaranty. (Note ¶21, Guaranty ¶5(d))

4. Under the terms of the Guaranty, Defendant-Baker absolutely, unconditionally, and irrevocably agreed to be liable for the repayment of Dealer's obligations to Plaintiff, including principal, interest, collection costs, legal fees, and reasonable attorneys' fees. (Guaranty ¶2(a))

5. Plaintiff advanced funds to Dealer and to one or more third parties on Dealer's behalf in order to finance Dealer's inventory pursuant to the terms of the Note. (Affidavit ¶5)

6. Dealer failed to make payments of principal and/or interest when due under the Note. (Affidavit ¶¶7 and 8)

7. Dealer admitted that it failed to pay a third-party creditor, which was an Event of Default under the Note.

8. Dealer does not claim to have timely satisfied its obligations to NextGear.

9. As a result of the occurrence and continuance of an Event of Default, as defined in the Note, Plaintiff declared the entire balance owed under the Note (the "Indebtedness") to be immediately due and payable. (Affidavit ¶10)

3942996

2

10. Despite demand for payment by Plaintiff, the Indebtedness has not been paid in full. (Affidavit ¶12)

11. As of September 30, 2020, the Indebtedness totals $205,494.11, including principal, interest, and fees as follows:

| Item | Amount |
|---|---|
| Principal Balance | $159,634.35 |
| Floorplan Fees | $880.00 |
| Interest through 5-31-2018 | $8,693.09 |
| Written off account level fees | $457.10 |
| Fee Balance[1] | $4,775.73 |
| Post Write Off Interest post 5-31-2018 | $31,053.84 |
| **Total:** | $205,494.11 |

(Affidavit ¶18)

12. Interest continues to accrue on the Indebtedness. (Affidavit ¶13)

13. The Note contains a provision requiring Dealer to pay "[a]ll reasonable costs and expenses, including attorney's fees," incurred by Plaintiff to enforce the Note. (Note ¶7(d))

14. The Guaranty contains a provision requiring Guarantor to pay "[a]ll reasonable costs and expenses, including attorney's fees," incurred by Plaintiff to enforce the Guaranty. (Guaranty ¶2(a))

---

[1] Late fees, vehicle specific collateral audit fee, term plan fee extension, title fees as set forth in the term sheets attached to the Affidavit as Exhibit 5.

3942996                                3

15. At the Dealer's request, on November 19, 2015—more than two (2) years before the default at issue—NextGear refunded the sum of Twelve Thousand, One Hundred Seventy-Eight Dollars and Twenty-Four Cents ($12,178.24) to the Dealer as a refund of Collateral Protection Program charges, depositing that amount into the Dealer's bank account through an Automated Clearing House ("ACH") transaction. (Affidavit ¶22)

16. On April 13, 2018, NextGear received the sum of Seven Thousand, Six Hundred Eighty Dollars ($7,680.00) from an auction as sale proceeds from a vehicle that the dealer had taken to that auction for sale. From those sale proceeds, NextGear applied the sum of Six Thousand, Eight Hundred Ninety-Eight Dollars and Twenty-Eight Cents ($6,898.28) to payments due on the Dealer's Stock 1021, and Seven Hundred Sixty-Seven Dollars and Seventy-Four Cents ($767.74) to payments due on the Dealer's Stock 1048. (Affidavit ¶23)

17. NextGear declared Dealer to be in default under the Note in late May 2018.

18. NextGear did not recover any inventory or other collateral from the Dealer following Dealer's default under the Note. NextGear did not obtain any proceeds from the sale of any of Dealer's inventory following Dealer's default under the Note. Defendant-Baker failed to provide any evidence to the contrary other than speculation.

19. To the extent any Conclusion of Law is a Finding of Fact, it is incorporated herein by reference.

3942996                                    4

## CONCLUSIONS OF LAW

20. The Note constitutes a valid and binding contract between NextGear and Dealer.

21. The Guaranty constitutes a valid and binding contract between NextGear and Defendant-Baker.

22. The jurisdiction, venue, and choice of law provisions of the Note and the Guaranty are valid and enforceable.

23. Dealer defaulted under the terms of the Note by failing to make payments due thereunder.

24. Dealer's default constitutes a breach of contract for which NextGear is entitled to recover its damages.

25. NextGear owns and holds the Note, and all conditions precedent to the right of NextGear to recover under the Note have been performed, have occurred, or have been waived.

26. Under the terms of the Guaranty, NextGear has the right to pursue collection of the indebtedness from Defendant-Baker as a primary, and not a secondary, obligor.

27. Defendant-Baker has not satisfied the payment obligations to NextGear under the terms of the Guaranty.

28. Defendant-Baker waived the right to receive notice of Dealer's non-performance and NextGear's demand for payment, pursuant to the Guaranty.

29. NextGear owns and holds the Guaranty, and all conditions

precedent to the right of NextGear to recover under the Guaranty have been performed by NextGear, have occurred, or have been waived.

30. Defendants have not provided any evidence that NextGear's calculation of the Indebtedness is incorrect other than speculation.

31. Defendants have failed to prove the asserted Affirmative Defenses.

32. There is no just reason for delay, and a final judgment shall be and hereby is entered as set forth herein.

33. To the extent any Finding of Fact is a Conclusion of Law, it is incorporated herein by reference.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

(a) Judgment shall be and hereby is entered in favor of Plaintiff NextGear Capital, Inc. and against defendant CT102 LLC, d/b/a JD Byrider of New Haven and Metro Motors, for actual damages for breach of contract;

(b) Judgment shall be and hereby is entered in favor of Plaintiff NextGear Capital, Inc. and against defendant Herman Jeffrey Baker for actual damages for breach of guaranty;

(c) Plaintiff NextGear Capital, Inc. is awarded a judgment against defendants CT102 LLC, d/b/a JD Byrider of New Haven and Metro Motors, and Herman Jeffrey Baker, jointly and severally, in the amount of $205,494.11;

(d) Plaintiff NextGear Capital, Inc. is awarded its attorneys' fees and expenses incurred herein in an amount to be determined upon further application to the Court;

(e) Interest on the judgment entered herein shall accrue at the Indiana statutory rate of Eight Per Cent (8%) per annum until paid; however, interest shall not be calculated during the emergency period due to the spread of the novel coronavirus, the emergency period is from March 16, 2020 through August 14, 2020. See *Indiana Supreme Court Order*, 20S-CB-123.

(f) Plaintiff shall be entitled to recover its reasonable post-judgment attorney fees and post-judgment costs incurred in the collection of the judgment entered herein; and

(g) Judgment shall be and hereby is entered in favor of Plaintiff NextGear Capital, Inc. and against defendants CT102 LLC, d/b/a JD Byrider of New Haven and Metro Motors, and Herman Jeffrey Baker on Defendants' counterclaims, and Defendants shall take nothing thereby.

Date: Oct. 15, 2020

Judge, Hamilton County Circuit Court

**Distribution:**

David J. Jurkiewicz
Christina M. Bruno
Bose McKinney & Evans, LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
djurkiewicz@boselaw.com
cbruno@boselaw.com

Michael G. Gibson
michael.gibson2@coxautoinc.com

Julie A. Camden
jc@camlawyers.com

3942996

7