Exhibit F

## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

| ATTORNEY FOR APPELLANTS | ATTORNEYS FOR APPELLEE |
|---|---|
| Julie A. Camden | David J. Jurkiewicz |
| Camden & Meridew, P.C. | Nathan T. Danielson |
| Fishers, Indiana | Sarah T. Parks |
| | Bose McKinney & Evans LLP |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CT102 LLC, d/b/a JD Byrider of New Haven and Metro Motors, and Herman Jeffrey Baker, | March 19, 2021 |
| *Appellants-Defendants,* | Court of Appeals Case No. 20A-CC-1909 |
| v. | Appeal from the Hamilton Circuit Court |
| NextGear Capital, Inc., | The Honorable Paul A. Felix, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 29C01-1809-CC-8218 |

**Kirsch, Judge.**

[1]     CT102 LLC, d/b/a JD Byrider of New Haven and Metro Motors ("Borrower") and Herman Jeffrey Baker ("Baker") (together, "Defendants") appeal the trial

court's order on damages for breach of contract in favor of NextGear Capital, Inc. ("NextGear") after an evidentiary hearing held on remand from this court for further proceedings on the appropriate measure of damages due to NextGear. Defendants raise one issue for our review, which we restate as: whether the trial court abused its discretion when it admitted documents into evidence to prove the amount of damages under the business records exception to the rule against hearsay.

[2]     We affirm.

## Facts and Procedural History

[3]     On January 31, 2014, Defendants entered into an agreement whereby NextGear would, in installments, advance up to $300,000.00 to Borrower for the purchase of vehicles ("the Agreement"). *Appellee's App. Vol. II* at 8-20. Baker executed an unconditional guaranty of repayment of the corresponding note. *Id*. at 28-33. According to NextGear's records, Borrower subsequently defaulted under the Agreement by failing to repay the amounts advanced by NextGear as agreed under Agreement. *Id*. at 40; *Tr. Vol. 2* at 8, 17. Due to Borrower's default, NextGear declared the entire indebtedness due and owing under the Agreement to be immediately due and payable in full. *Appellee's App. Vol. II* at 40.

[4]     On September 4, 2018, NextGear filed its complaint against Defendants, alleging breach of contract claims against Borrower on the promissory note and Baker on his personal guaranty. *Id*. at 2-7. On August 13, 2019, NextGear filed

a motion for summary judgment on its breach of contract claims along with a designation of evidence. *Appellants' App. Vol. 1* at 4. On September 11, 2019, Defendants filed a brief and designation of evidence in opposition to the summary judgment motion. *Id*. On October 22, 2019, the trial court entered an order granting summary judgment in favor of NextGear and against Defendants on NextGear's breach of contract claims. *Appellee's App. Vol. II* at 34-38. The order included a money judgment against Defendants, jointly and severally, in the principal amount of $177,947.73. *Id*. Defendants filed a motion to reconsider, which was denied by the trial court. *Appellants' App. Vol. 2* at 5.

[5]    On December 17, 2019, Defendants filed an appeal challenging the trial court's order and asserting that the trial court erred in granting summary judgment because there was a genuine issue of material fact as to the appropriate amount of damages. *Baker v. NextGear Capital, Inc.*, No. 19A-CC-960, 2020 WL 1542096, *1 (Ind. Ct. App. Apr. 1, 2020). On April 1, 2020, a panel of this court issued its decision, remanding to the trial court "for an evidentiary hearing on damages." *Id*. at * 1, * 4. This court acknowledged that Defendants had not expressly conceded the issue of liability under the loan documents, but it found that Defendants had only sought remand for a reconsideration of damages. *Id*. at *1 n.1. We found that Defendants did not "dispute the existence of an enforceable contract" or "dispute that there was a breach of contract on [their] part" or "claim to have timely satisfied [their] obligations" to NextGear. *Id*. at *2. We also found that while Defendants "initially raised

defenses such as improper venue and falsification of a document," they had abandoned those contentions on appeal. *Id*. at *1 n.2.

[6]    On remand, the trial court held an evidentiary hearing on damages on October 6, 2020. *Tr. Vol. 2* at 2, 4. At the beginning of the hearing, the trial court confirmed its understanding that the hearing was solely "on the damage aspect of this case." *Id*. at 4. Two witnesses testified during the damages hearing; Eric Brown ("Brown"), the senior manager of risk and recovery at NextGear, was NextGear's only witness, and Baker was the only witness called by Defendants. *Id*. at 4, 7, 28, 43. During Brown's direct testimony, NextGear moved to admit certain of NextGear's business records into evidence. *Id*. at 15-16, 22. These business records included: an Affidavit of Debt; a Payment Received Report; a Disbursement Detail Report; a Payment Receipt; and a Rate, Fee and Term Schedule. *Pl.'s Exs. 1-5*. Defendants objected to the admission of the business records on hearsay grounds. *Tr. Vol. 2* at 13, 15-16, 22. The trial court overruled all of Defendants' objections and admitted NextGear's proffered evidence pursuant to the business records exception to Indiana's rule against hearsay. *Id*. at 16, 22. According to NextGear's records, the amount due and owing to NextGear under the Agreement as of September 30, 2020 totaled $205,494.11. *Id*. at 15-16; *Appellee's App. Vol. II* at 41.

[7]    At the conclusion of the damages hearing, the trial court stated that, based on the evidence presented and on Baker's concession, "there is money owed" from Defendants to NextGear. *Tr. Vol. 2* at 44. The trial court then asked the parties to submit proposed orders on damages owed to NextGear. *Id*. at 44-46. On

October 15, 2020, the trial court entered its order on damages and awarded

NextGear "actual damages for breach of contract" against Defendants, jointly

and severally, in the principal amount of $205,494.11. *Appellants' App. Vol. 2* at

9-15. The order also stated that (1) NextGear was entitled to a further judgment

for its attorneys' fees and expenses in an amount to be determined upon further

application to the trial court, and (2) judgment was entered against the

Defendants on their counterclaims. *Id*. at 14-15. Defendants now appeal.

# Discussion and Decision

[8]     We review a trial court's decision on the admissibility of evidence for an abuse

of discretion. *Barrix v. Jackson*, 973 N.E.2d 22, 24 (Ind. Ct. App. 2012), *trans.*

*denied*. An abuse of discretion occurs when the decision is against the logic and

effect of the facts and circumstances before the court. *Id*. Even where the trial

court's decision is erroneous, however, we will not reverse the judgment where

the decision does not prejudice the substantial rights of a party. *Id*. at 24-25

(citing Ind. Trial Rule 61).

[9]     Defendants argue that the trial court abused its discretion when it admitted the

busines records proffered by NextGear at the damages hearing. They contend

that that the trial court erred because NextGear did not lay a proper foundation

to show that the evidence qualified under the business records exception to the

prohibition against hearsay. Defendants maintain that Brown was not a proper

authenticating witness because he did not meet the criteria under Indiana

Evidence Rule 803(6). Specifically, Defendants assert that Brown was not the

business records custodian for NextGear; he could not testify whether the record was made at or near the time, by or from information transmitted by someone with knowledge; he was not in his current position at the time the documents were made; he could not testify whether the record was kept in the course of a regularly conducted activity of the business; and he could not testify that making the record was a regular practice of that activity.[1]

[10]    Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted.  Ind. Evidence Rule 801(c).  Hearsay is not admissible unless it falls under certain exceptions.  Ind. Evidence Rule 802.  The business-records exception, Indiana Evidence Rule 803(6), provides that a record of an act, event, condition, opinion, or diagnosis is admissible if:

> (A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;

> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

---

[1] In its Appellee's Brief, NextGear spends significant space justifying the admission of the loan documents into evidence at the damages hearing.  *Appellee's Br.* at 16-24.  However, the Defendants do not raise any challenge to the admission of the loan documents in their Appellants' Brief; their only challenge pertains to the business records that NextGear admitted through Brown to prove the damages owed.  *Appellants' Br.* at 7-10.  They do respond to NextGear's argument regarding the admission of the loan documents in their Reply Brief, conflating the admission of the loan documents with the admission of the business records at issue, which NextGear sought to admit to prove damages.  *Reply Br.* at 4-5.  Therefore, to the extent that Defendants argue in their Reply Brief that the loan documents were improperly admitted, this argument is waived because parties may not raise an issue for the first time in a reply brief on appeal.  *See Speaks v. Vishnuvardhan Rao*, 117 N.E.3d 661, 671 (Ind. Ct. App. 2018).

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(9) or (10) or with a statute permitting certification; and

(E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

[11]     "The reliability of business records stems in part from (1) the fact that the organization depends on them to operate, (2) the sense that they are subject to review, audit, or internal checks, and (3) the precision engendered by the repetition." *In re De.B.*, 144 N.E.3d 763, 769 (Ind. Ct. App. 2020) (citing *In re E.T.*, 808 N.E.2d 639, 642-43 (Ind. 2004)). "Under the business records exception, 'a person who has a familiarity with the records may provide a proper business records exception foundation even if he or she is not the entrant or his or her official supervisor.'" *Hussain v. Salin Bank & Tr. Co.*, 143 N.E.3d 322, 332 (Ind. Ct. App. 2020) (quoting *Payne v. State*, 658 N.E.2d 635, 645 (Ind. Ct. App. 1995), *trans. denied*), *trans. denied*. To obtain admission under the business records exception, the proponent of an exhibit need only call an individual who has a functional understanding of the business's record-keeping process, who could be the entrant, the entrant's supervisor, co-workers, a records custodian, or any other such person. *Id.*

[12]     As NextGear points out, this case is similar to *Hussain*, where the trial court granted a lender summary judgment on the issue of a borrower's liability under

its loan documents but determined that there were material facts in dispute as to the proper measure of damages, and therefore, a damages hearing was necessary. *Id*. at 327. During the damages hearing in *Hussain*, the borrower objected to the lender's business records evidence on hearsay grounds, arguing that the lender's representative could not authenticate the business records because he "lacked the knowledge to lay an adequate foundation for the admissibility of the documents under the business records exception to the hearsay rule," because he was not employed by the lender at the time the transactions reflected in the business records occurred. *Id*. at 332. Similarly, here, Defendants argue that Brown could not authenticate NextGear's business record evidence on damages because he was not in his current position when the transactions at issue occurred. *See Appellants' Br*. at 7-8; *Tr. Vol. 2* at 9 ("Brown was not in his current position at that time. . . . Brown testified that he reviewed the business records but had not been employed with NextGear when the business records were executed in 2014.").[2]

[13]   In *Hussain*, this court concluded that the lender's witness possessed adequate knowledge to lay a foundation for the admissibility of the lender's business records, because (1) he had personal knowledge of the lender's record keeping systems and the documents in the exhibits that established the amounts due, (2) his duties included handling commercial loans that were struggling or in default

---

[2] Although Defendants raised this objection to the trial court and in their Appellants' Brief, it is factually incorrect. At the damages hearing, Brown testified that he had been with NextGear for nearly nine years, which would include 2014. *Tr. Vol. 2* at 13.

like the loan at issue, (3) he personally handled the loan at issue and had reviewed the loan documents at issue and the associated payment schedule, and (4) he confirmed that the records at issue were records regularly maintained by the lender and upon which the lender routinely relies. *Hussain*, 143 N.E.3d at 334. Here, Defendants also objected to the admission of NextGear's business records because Brown "does not have firsthand knowledge" of the transactions at issue and "is not the business records custodian." *Tr. Vol. 2* at 15, 22. However, under the business records exception, firsthand knowledge of every single transaction referenced in the business records is not necessary; rather, "a person who has a familiarity with the records may provide a proper business records exception foundation even if he or she is not the entrant or his or her official supervisor." *Hussain*, 143 N.E.2d at 332. Additionally, the witness need not have the title of business records custodian; instead, the proponent of an exhibit "need only call an individual who has a functional understanding of the business's record-keeping process, who could be the entrant, the entrant's supervisor, co-workers, a records custodian or any other such person. *Id.*

[14]   Brown's testimony at the damages hearing showed that he had adequate knowledge to lay a proper foundation for the admission of NextGear's business records regarding damages in this case. On direct examination, Brown testified that: (1) his duties as senior manager of risk and recovery included managing a team of loan collectors tasked with recovering on defaulted accounts and managing loan workout scenarios; (2) he had personal knowledge of NextGear's processes and procedures as it pertained to floor plan loans like the

one involved in this case; (3) he was familiar with NextGear's business practices, processes, and procedures as they pertained to the creation, maintenance, and storage of documents relating to the origination and servicing of floor plan loans; (4) he had personally used NextGear's records system as part of his job duties; (5) NextGear's records and entries were created and entered into NextGear's system at or near the time when the transaction occurred, by a person that was involved in the transaction; (6) he was personally familiar with and had reviewed the documents and financial records relating to Defendants and the loan at issue; (7) his testimony was based on his personal knowledge of the business records he had reviewed; and (8) he personally had reviewed the business records NextGear sought to admit into evidence "for accuracy" against the records maintained on NextGear's record keeping system. *Tr. Vol. 2* at 7, 8, 13, 14, 15. Therefore, all of the requisite elements of Evidence Rule 803(6) were satisfied by Brown's testimony.

[15]    Further, Brown's testimony demonstrated more than just a "functional understanding of the business's record-keeping process," which is all that is required under the rule. *See Hussain*, 143 N.E.2d at 332. Brown explained in detail how the business records at issue established the amount of damages NextGear Capital sought to recover. *Tr. Vol. 2* at 16-21. Defendants additionally assert that Brown did not have the necessary knowledge of the business records and could not properly testify regarding the damages suffered by NextGear in this case, citing to testimony that he made on cross-examination about his inability to testify how much any of the cars at issue in

this case had depreciated over time, whether any of the cars at issue sold at wholesale would bring in more money than if sold at auction, and to state with certainty if Baker received an ACH refund. *Appellants' Br.* at 8. However, none of the testimony that Defendants highlight diminishes the fact that NextGear laid a proper foundation on direct examination to support the admission of the records under the business records exception. We, therefore, conclude that the trial court did not abuse its discretion when it found that NextGear properly laid the foundation to admit its evidence under the business records exception and when it admitted NextGear's business records at the damages hearing.

[16]    Affirmed.

Bradford, C.J., and Altice, J., concur.