**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CT102 LLC d/b/a Metro Motors and H.
Jeffrey Baker,

      Plaintiffs,

      v.                                    Civil Action No.:1:20-cv-356-MSM-PAS

Automotive Finance Corporation d/b/a AFC;
NextGear Capital, Inc.; Manheim, Inc.;
and ADESA, Inc.

      Defendants.

**NEXTGEAR CAPITAL, INC.'S MEMORANDUM IN**
**SUPPORT OF MOTION TO STRIKE JURY DEMAND**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant, NextGear Capital, Inc. ("NextGear"), respectfully moves this Court for an order striking Plaintiffs' demand for a jury trial contained in the Second Amended Complaint. [*See* ECF No. 42] Should the Court not dismiss Plaintiffs' Second Amended Complaint in its entirety or not send the case to arbitration in connection with NextGear's Motion to Dismiss, or in the Alternative to Compel Mandatory Arbitration, whatever claims remain before this Court, if any, may not be heard by a jury. Plaintiffs contractually waived their right to a jury in the same agreements relied upon in their Second Amended Complaint.[1] This Court should therefore strike the jury demand in that Second Amended Complaint.

On September 4, 2018, NextGear, as plaintiff, commenced the Indiana Action against CT102 LLC d/b/a Metro Motors ("Metro Motors") and Jeffrey Baker ("Baker") for breach of contract, breach of guaranty, and conversion (the "State Complaint"). A copy of the State

---

[1] Plaintiff's Second Amended Complaint does not claim to have altered the applicability of Indiana law to the terms of the agreements nor the jury waiver. See [ECF Doc. 42-1] and the exhibits attached.

Complaint with its two exhibits is attached hereto as **Exhibit A**.  (State Complaint p. 3-5 at "COUNT I-III").  NextGear's claims arose from a Demand Promissory Note and Loan and Security Agreement between NextGear and Metro Motors ("Note").  (State Complaint p.2 at ¶5; State Complaint at exh. A), which Baker personally guaranteed by executing an Individual Guaranty ("Guaranty").  (State Complaint p.2 at ¶6; State Complaint at exh. B).  Through the Note, NextGear agreed to advance funds, in installments, to Metro Motors for the finance of vehicle inventory, up to $300,000.00, and Baker personally guaranteed repayment. (State Complaint p.2 at ¶5; State Complaint at exh. A, p. 2; State Complaint p.2 at ¶6).

In this case, Metro Motors, a sophisticated licensed commercial automobile dealer, agreed to the following provision in its floor plan agreement with NextGear:

> WAIVER OF JURY TRIAL. AFTER CONSULTING OR HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, LENDER AND [PLAINTIFF] KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT EITHER PARTY MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION BASED UPON OR ARISING OUT OF THIS NOTE OR ANY OTHER LOAN DOCUMENT, OR ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS NOTE OR ANY OF THE OTHER LOAN DOCUMENTS, OR ANY COURSE OF CONDUCT, STATEMENT, WHETHER ORAL OR WRITTEN, OR ACTIONS OF LENDER OR [PLAINTIFF]. NEITHER LENDER NOR [PLAINTIFF] SHALL SEEK TO CONSOLIDATE, BY COUNTERCLAIM OR OTHERWISE, ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THESE PROVISIONS SHALL NOT HAVE BEEN DEEMED TO HAVE BEEN MODIFIED IN ANY RESPECT OR RELINQUISHED BY LENDER OR [PLAINTIFF] EXCEPT BY WRITTEN INSTRUMENT EXECUTED BY BOTH LENDER AND BORROWER.

(Note, p. 11 at § 23) (emphasis original).

Also Baker, the Dealer principal, agreed to the following provision in the Guaranty with NextGear:

> WAIVER OF JURY TRIAL. AFTER CONSULTING OR HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, LENDER AND [PLAINTIFF] KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT EITHER PARTY MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION BASED

> UPON OR ARISING OUT OF THIS GUARANTY OR ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS GUARANTY, OR ANY COURSE OF CONDUCT, STATEMENT, WHETHER ORAL OR WRITTEN, OR ACTIONS OF LENDER OR [PLAINTIFF].

(Guaranty, p. 5 at §5(f) (emphasis in original). Plaintiffs have expressly relied upon and asserted the Note and Guaranty in their own claims. *See* [ECF Doc. 42] Second Amended Complaint at ¶¶ 56, 79, 86, 93, 98.

Under Indiana state law, which governs these contracts (*see* (Note, p.10 at §20); (Guaranty, p. 4 at §5(c)), Rhode Island law, and federal law of the First Circuit, the instant contractual jury waivers are enforceable.[2]

Indiana law, establishes a "very strong presumption of enforceability of contracts that represent the freely bargained agreement of the parties." *Sanford v. Castleton Health Care Ctr., LLC*, 813 N.E.2d 411, 420 (Ind. Ct. App. 2004) (citation omitted); *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2008). Therefore, Indiana courts will generally uphold contractual agreements such as jury trial waivers. *See, e.g.*, *Tender Loving Care Mgmt., Inc. v. Sherls*, 14 N.E.3d 67, 74 (Ind. Ct. App. 2014); *Sanford*, 813 N.E.2d at 420; *1st Source Bank v. Ryan Contracting Co.*, No. 3:07-cv-00589 RM, 2008 WL 2002228, at *3 (N.D. Ind. May 5, 2008); *see also Gurfein v. Sovereign Grp.*, 826 F. Supp. 890, 921 (E.D. Pa. 1993) (enforcing contractual jury waiver against civil RICO claim). Moreover, it is well-settled in Indiana jurisprudence that a party may not seek to enforce certain terms of a contract while simultaneously seeking to disavow other terms in the same contract. *Town of Plainfield v. Paden Eng'g Co.*, 943 N.E.2d 904, 914 (Ind. Ct. App. 2011) ("We are mindful that a party may not

---

[2] "In diversity actions, federal law governs the right to a jury trial." *Textron Financial Corp. v. Ship and Sail, Inc.*, 2011 WL 344134, at *3 (D.R.I. 2011) (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963)). However, here, Nextgear disputes that this Court will reach the application of diversity jurisdiction as the contract dictates that arbitration or Indiana is the proper forum. *See* NextGear's Motion to Dismiss, or in the Alternative to Compel Mandatory Arbitration, filed contemporaneously with this Motion to Strike.

'seek both to bring a claim under a contract and disavow a term therein.'") (citation omitted); *TWH, Inc. v. Binford*, 898 N.E.2d 451, 454 (Ind. Ct. App. 2008) (enforcing arbitration provision because parties "cannot both seek affirmative relief from the transaction and disavow the arbitration provision in the purchase agreement").

Likewise, Rhode Island courts enforce the contractual jury waivers. "Waivers of a right to trial by jury contained in contractual agreements are not illegal and are not contrary to public policy." *Rhode Island Depositors Economic Protection Corp. v. Coffey and Martinelli, Ltd.*, 821 A.2d 222 (R.I. 2003). Furthermore, perhaps even more liberally than other jurisdictions, Rhode Island courts will effect the jury waiver even if the language is not part of the same instrument. *See id.* (holding that where the guaranty, loan agreement, and note were all executed at the same time, the waiver of jury trial contained in the note applied to the guaranty for purposes of creditor's action against debtor to recovery on notes). Of course, here, that issue does not require consideration where *both* the instant Note and Guaranty contain conspicuous jury waivers. *See* **Exhibit A** at exhs. A and B.

Finally, to the extent this Court concludes that federal law controls (as for a diversity jurisdiction case), the First Circuit too enforces contractual jury waivers against the signatories of the contracts where the plain language of the provision "unambiguously covers the claims asserted" and where the waiver "was entered into knowingly and voluntarily." *Textron Financial Corp. v. Ship and Sail, Inc.,* 2011 WL 344134, at *2 (D.R.I. 2011) (citing *Medical Air Technology Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002)). As in *Textron*, here, the waivers are broad covering the claims assesrted where they "encompass[] any transactions contempl all claims under Moreover there is a "sufficient showing to demonstrate that [both Metro Motors' and Baker's] waiver[s] [were] knowing and voluntary with regard to the jury

4

waiver provision" where the waivers were "conspicuous" in that the "waiver language is capitalized, in bold print" and expressly encouraged "consultation with legal counsel." *Id.* at *3.

In light of the foregoing, whether under Indiana, Rhode Island, or federal law, Plaintiffs have expressly waived their right to trial by jury on the claims in this matter by means of their contracts with NextGear—contracts they also allege were breached and tortiously interfered with in this case.

WHEREFORE, NextGear Capital, Inc. respectfully requests that this Court strike the Plaintiffs' demand for jury trial in their Second Amended Complaint and order that any claims that survive dismissal of NextGear's Motion to Dismiss, or in the Alternative to Compel Mandatory Arbitration shall be heard and decided in a bench trial.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**DEFENDANT**<br>**NEXTGEAR CAPITAL, INC.**<br>by counsel, |
| Dated : Nov. 8, 2021 | */s/ Katharine E. Kohm*<br>Katharine E. Kohm (#8194)<br>PIERCE ATWOOD LLP<br>One Financial Plaza, Suite 2600<br>Providence, Rhode Island 02903<br>Tel: (401) 588-5113<br>kkohm@pierceatwood.com |
|  | */s/ David J. Jurkiewicz*<br>David J. Jurkiewicz (IN #18018-53)<br>*(admitted pro hac vice)*<br>BOSE MCKINNEY & EVANS LLP<br>111 Monument Circle, Suite 2700<br>Indianapolis, Indiana 46204<br>djurkiewicz@boselaw.com |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court on the 8th day of November, 2021, and that it is available for viewing and downloading from the Court's CM/ECF system. All counsel of record for represented parties have been served by electronic means on the date this document was filed. All parties who are self-represented or whose counsel have not yet entered an appearance have been served by U.S. Mail, first class postage prepaid, and email on the date this document was filed.

*__Counsel for Plaintiffs (e-filing)__*
Harris K. Weiner (#3779)
Salter, McGowan, Sylvia & Leonard, Inc.
56 Exchange Terrace, Suite 500
Providence, RI 02903
Office: (401) 274-0300
Fax: (401) 453-0073
hweiner@smsllaw.com

*__Counsel for Defendants Automotive Finance Corporation d/b/a AFC and ADESA, Inc. (e-filing)__*
Joseph V. Cavanagh, III (#6907)
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903
Office: (401) 831-8900
Fax: (401) 490-7640
jvc3@blishcavlaw.com

Reynold T. Berry (Ind. Atty #25482-49)
*(admitted pro hac vice)*
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN 46204
Office: (317) 634-0300
Fax: (317) 263-9410
rberry@rubin-levin.net

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Katharine E. Kohm*