## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CT102 LLC d/b/a Metro Motors and H. Jeffrey Baker<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Automotive Finance Corporation d/b/a AFC; NextGear Capital, Inc.; Manheim, Inc. and ADESA, Inc.,<br>　　　　Defendants. | Civil Action No.: 1:20-cv-356-MSM-PAS |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO THE MOTIONS TO DISMISS OF DEFENDANTS NEXTGEAR CAPTIAL, INC. AND MANHEIM REMARKETING, INC. AND IN OPPOSITION TO MANHEIM'S ALTERNATIVE MOTION TO STAY PENDING ARBITRATION AND TO STRIKE PLAINTIFFS' JURY DEMAND**

Now come Plaintiffs, CT102, LLC d/b/a Metro Motors ("Metro" or "Plaintiff") and H. Jeffrey Baker ("Baker" or "Plaintiff") collectively "Plaintiffs", to oppose the Motions to Dismiss filed separately by Defendant NextGear Capital, Inc. ("NextGear") and its affiliate, named Defendant Manheim, Inc., which self-identifies in its Motion as Manheim Remarketing, Inc. ("Manheim"), collectively "Movants" or "Defendants". Metro and Baker have combined their opposition to the Motions (docs. 26 and 28) because most of the arguments apply to both, the facts involving these two Defendants are inextricable, they have common ownership, they are represented by the same counsel, and judicial economy is served by one brief. (For purposes of this Opposition, the Second Amended Complaint shall be referred to as the "SAC").

SUMMARY OF ARGUMENTS

**Jurisdiction in Rhode Island Proper.**

The Second Amended Complaint is Properly before this Court.

The Defendants blithely ignore the changes the Plaintiffs made to the Second Amended Complaint pursuant to the Court's directive to amend.  Text Order dated August 26, 2021.  First, the Second Amended Complaint streamlines the case by reflecting the voluntary dismissal of two parties – AUTOTEC, LLC d/b/a AUTOACCESS, LLC (hereinafter "AUTOTEC") and Southern Auto Sales, Inc. (hereinafter "Southern").  AUTOTEC is an Alabama Corporation that qualifies and disqualifies auto dealers for participation in the national used car system.  Southern is a Connecticut Corporation which conducts used car auctions.  These parties were dismissed by the Plaintiffs after substantive communications with their respective counsel, and those negotiations are confidential.  Fed. R. Civ. 408.  Their initial inclusion in the original Complaint and the First Amended Complaint is significant because these defendants were not susceptible to service of process in any of the Indiana litigation which the current defendants' claim is *res judicata*.  Doc. 49 at 1, Doc. 48-1 at 4, 10, Doc. 47 at 1.  The Indiana procedural rule upon which this defense argument is predicated, however, provides as follows:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim **and** does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
>
> Indiana R. Trial 13(A) (emphasis added)
> (compulsory counterclaim)

This language should be read as conjunctive requiring that the action "arises out of the transaction" **and** that the action does not require for its adjudication the presence of third parties. AUTOTEC and Southern are such necessary third parties.  The Defendants' interpretation

2

ignores the final clause of the Rule 13(A) and its dual requirements. This language must be given effect in accordance with its plain meaning.

AUTOTEC and Southern were integral to the Plaintiffs' theories of recovery – Fraud, Intentional Tortious Interference with Contractual Relations, Conspiracy to Tortiously Interfere with Contracts, Negligence, Breach of Good Faith and Fair Dealing, Unjust Enrichments and Lender Liability. Second Amended Complaint ¶¶ 8-12. These claims have not been asserted as counterclaims in Indiana because not all the defendants were susceptible to jurisdiction there. Under Indiana's state court compulsory counterclaim Rule 13, cited above, the absence of jurisdiction over AUTOTEC and Southern exempts these claims from the counterclaim mandate. Thus, there is no identity of claims and no identity of parties between the Indiana litigations and this Rhode Island dispute, and *res judicata* simply does not apply.

Jurisdiction in the United States District Court for the District of Rhode Island is based on Plaintiff Baker's residency in East Greenwich. He is also the sole member of Plaintiff CT102 LLC d/b/a Metro Motors so his residency controls jurisdiction over this Connecticut limited liability company. Jurisdiction in this Court is based on complete diversity between the Plaintiffs and Defendants pursuant to 28 U.S.C. §1332(a)(1) and the amount in controversy exceeds $75,000 exclusive of costs and interest.

Baker has consistently refuted the Defendants' assertions that his personal guarantees to lenders AFC and NextGear are subject to venue in Indiana. Baker represented to the Indiana courts that he expressly modified the guarantees to be subject to Rhode Island. One Indiana Superior Court judge denied the lender's motion for summary judgment on that basis. The same contention has been squarely raised again here in Rhode Island. See Pages 14-17 below for further discussion of jurisdiction in Rhode Island, and the attached Affidavit of Jeffrey Baker.

Moreover, the substantive claims raised in this action are different from those adjudicated in Indiana.

The Movants cannot meet their burden under Rules 12(b)(1), (2) or (6) because the Complaint sets forth plausible factual grounds for subject matter jurisdiction, personal jurisdiction and the causes of action set forth by the Plaintiffs.  This suit presents proper subject matter for this Court to adjudicate because the Indiana litigation is not preclusive, this action involves new claims not subject to arbitration, and the forum selection clauses are not applicable.

**The Causes of Action are Viable.**

Compulsory counterclaims are not pertinent to the substance of this SAC because those causes of action are outside the unconscionable NextGear contract.  The claims here - Intentional Interference with Contractual Relations (Count II), Conspiracy to Tortiously Interfere with Contracts (Count III), Negligence (Count IV), and Unjust Enrichment (Count VI) - clearly arise independently from the NextGear's Promissory Note and Terms and Conditions. The claims against Manheim are also outside the Terms and Conditions it alleges and which Baker contests.

The gravamen of the SAC is that NextGear's wrongful conduct in collusion with Manheim drove Plaintiff Metro Motors out of business and improperly exposed Plaintiff Baker to liability on his personal guaranty through NextGear's bad acts which included:  wrongfully seizing Metro Motors' auction proceeds from a third-party auction company by falsely claiming title to Metros' vehicle, refusing to correct the problem, failing to privately notify Metro, and

blacklisting Metro from using NextGear's affiliate, Manheim.  For its part, Manheim participated in a conspiracy to bar Metro from auto auctions. [1]

Manheim refused to sell cars for Metro.  NextGear failed to dispose of collateral in a commercially reasonable manner by selling below fair market value, failed to account for repossessed vehicles, and conspired with other industry leaders, including co-defendant AFC, to blacklist and destroy Metro. SAC ¶¶1, 25-34, 38, 41-44, 73-81, 90-92, 95.

Compulsory counterclaims, under analogous Federal Rules of Procedure, are not compelled when absent parties are needed for proper adjudication.  Fed. R. Civ. P. 13(a).  Manheim, AFC and ADESA are not parties to the Indiana litigation (Doc. 28-1-6).  Any counterclaim in Indiana would omit defendants and prevent complete relief in contravention of public policy and state procedural rules.  Indiana R. Trial 13(A).  (Compulsory counterclaims not required if adjudication requires the presence of third parties over whom jurisdiction cannot be acquired.)  This lack of identity of parties and claims also bars *res judicata*.  Moreover, counterclaims in Indiana intentionally were not pursued because Metro and Baker would not submit their claims to the wrong jurisdiction and thereby be bound to litigate in NextGear's home town.  Baker Affidavit ¶11.

The correct jurisdiction is Rhode Island.  Baker expressly amended the NextGear Individual Guaranty contract to change jurisdiction and venue from Indiana to Rhode Island.  NextGear ignores this material issue of disputed fact which, in itself, defeats NextGear's Motion

---

[1] Count V is for Breach of Good Faith and Fair Dealing in the contractual relations and Count VII sounds in Lender Liability.  While these claims are contract-based, they are viable on several grounds.  Count I for Fraud applies only to co-defendant AFC.

to Dismiss based on its purported forum selection clause. Baker Affidavit ¶3, Exhibit C. Further, both NextGear and Manheim maintain sufficient minimum contacts with Rhode Island auto dealers to satisfy general personal jurisdiction in this State. It would be unfair and contrary to judicial policy against multi-jurisdictional litigation to grant a stay of claims that are squarely before this Court.

The execution of Manheim's purported contract is also a disputed material fact which Baker contests. Baker Affidavit ¶12-15. Additionally, both NextGear and Manheim's contracts, which allow these Defendants but not the Plaintiffs to seek judicial relief, are unconscionable violations of public policy. According to NextGear and Manheim, Metro and Baker can only arbitrate in Indiana while NextGear and Manheim can choose to fully litigate their counterclaims in court. That violates fundamental fairness and due process.

Should this Court not dismiss these Motions to Dismiss outright, Defendants' reliance on extrinsic documents mandates conversion to a Rule 56 Motion for Summary Judgment. See to NextGear Motion (loan documents) and Exhibits to Manheim Motion. It would be appropriate to grant leave to conduct discovery pursuant to Fed. R. Civ. P. 56(f) in view of the affidavits on which Movant Manheim relies, the disputed forum selection clause in the NextGear Guaranty contract, the disputed execution and applicability of the Manheim contract, and the well-pleaded facts about impairment of collateral which releases Baker's personal guaranty.

Finally, NextGear and Manheim have tried to separate themselves with individual motions to dismiss to create an illusion of distinctiveness. They have the same parent company (docs. 25, 29), the same Indiana and local counsel, are horizontally integrated in a market-dominant nationwide used car purchase and sale system, and they obviously shared, and acted

improperly upon, critical information about Metro to conspiratorially, tortiously and fatally damage Plaintiff Metro.

STANDARD OF REVIEW

**Motions to Dismiss Must be Denied Because There are Multiple Issues of Fact and Law and Plaintiffs' Claims are Plausible.**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to him. Gargano v. Liberty Intl Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988) (citing Conley v. Gibson, 355 U.S. 41, 45-48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalán v. United States, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)).

"The plausibility inquiry necessitates a two-step pavane. Garcia-Catalán, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true from its conclusory legal allegations (which need not be credited).'" Id. (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). "In determining whether a

complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (quoting Iqbal, 556 U.S. at 679).

### Conversion is Required Because the Limits of Judicial Notice Have Been Exceeded and There are Disputed Material Facts That Warrant Discovery.

At the motion-to-dismiss stage, the primary focus is on the complaint.  See, *e.g*., Maloy v. Ballori-Lage, 744 F.3d 250, 251 (1st Cir. 2014).  Ordinarily, courts may not consider any documents "outside of the complaint, or not expressly incorporated therein," without converting the motion into one for summary judgment.  Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

When ruling on a Rule 12(b)(6) motion to dismiss, a district court is generally limited to considering "facts and documents that are part of or incorporated into the complaint."  Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).  These limitations, however, are not absolute.  A district court may also consider "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003).  If the district court relies on other material outside the complaint, not subject to the qualifications listed above, it must convert a motion to dismiss into a motion for summary judgment.  Trans-Spec Truck Serv., 524 F.3d at 321.  Before such a conversion occurs, however, parties must have a "reasonable opportunity to present all material made pertinent to such a motion."  Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000) (quoting Fed. R. Civ. P. 12(b)).

It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2009). Generally, court filings are recognized not for the truth of the matters asserted within them, but instead only to establish the fact that related litigation has been initiated or to establish that the fact that documents have been filed in that related case. See, e.g., Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth., 492 F. App'x 567, 568-69 (6th Cir. 2012); Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2nd Cir. 2008); see Brody v. Hankin, 145 F. App'x 768, 771-73 (3d Cir. 2005) (concluding that the lower court impermissibly considered the facts found within a related arbitration proceeding instead of solely considering the existence of an arbitration award). That is, the Court may take judicial notice of the related state court documents "to establish the existence of the [related] litigation, what claims were asserted, and what issues were argued and decided." Barnstable Cty. V. 3M Co., 2017 U.S. Dist. LEXIS 207414 (D. Mass).

It is established that federal courts may take judicial notice of the existence of relevant proceedings in other courts. See, *e.g*., E.I. DuPont de Nemours & Co. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986) (taking judicial notice of a complaint filed in a state action); However, it is improper for the Court to go beyond the existence of a pleading to the unresolved merits. Here, the claims in the SAC were not adjudicated in Indiana. Fraud, tortious interference, conspiracy to tortiously interfere, negligence, breach of good faith and fair dealings, unjust enrichment, and lender liability were not before the Indiana courts as they are before this Rhode Island forum.

**Jurisdiction appropriately lies with this Court.**

Courts "must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the *prima facie* jurisdictional showing." Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995). Defendants' cite Chen v. United States Sports Acad., Inc., 956 F.3d 45 (1st Cir. 2020) which contains language that supports Plaintiffs' position regarding jurisdiction. Under the *prima facie* approach – typically used at the early stages of a case – "the district court acts not as a factfinder, but as a data collector," Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995), asking only whether the plaintiff has proffered facts that, if credited, would support all findings "essential to personal jurisdiction," *id.* (quoting Boit v. Gar-Tec Products, Inc., 967 F.2d 671 (1st Cir. 1992)).

A complaint need not, however, "plead facts sufficient to establish a *prima facie* case," Carrero-Ojeda v. Autoridad De Energía Eléctrica, 755 F.3d 711 (1st Cir. 2014) or "allege every fact necessary to win at trial," Rodriquez-Vives v. R.R. Firefighters Corps of P.R., 743 F.3d 278, 283 (1st Cir. 2014), to make out a plausible claim. See also Swierkiewicz v. Sorema, 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). "The *prima facie* standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint." Carrero-Ojeda at 718.

The district court, faced with a motion to dismiss for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), however, may choose from among several methods for determining whether the plaintiff has met this burden. Foster-Miller, 46 F.3d at 145; Boit, 967 F.2d at 674-75. "The most conventional of these methods, "known as the "*prima facie*" method, Forster-Miller, 46 F.3d at 145, "permits the district court 'to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction'" *id.*

(quoting Boit, 967 F.2d at 675). If the court determines that it would be unfair to the defendant to proceed with the litigation without first requiring the plaintiff to make more than a *prima facie* showing of jurisdiction, the preponderance-of-the-evidence approach comes into play. See *Id.* at 145-46. Under that approach, the district court holds "a full-blown evidentiary hearing at which the court will adjudicate the jurisdictional issue definitively before the case reaches trial" using a preponderance-of-the-evidence standard. *Id.* at 146.

Courts take these facts "as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n. 142 F.3d 26, 34 (1st Cir. 1998); see also Sawtelle v. Farrell, 70 F.3d 1381, 1385-86 (1st Cir. 1995). "We then add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." Mass. Sch. of Law, 142 F.3d at 34.

In a contract case, federal courts evaluate the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether the defendants purposefully established minimum contacts. Burger King, 471 U.S. 462 at 479 (1985).

## DISCUSSION

### Counts II, III, IV and VI are not Arbitrable.

The existence of a contract between two parties does not make every dispute between those parties arbitrable. Claims which fall outside the scope of an arbitration clause are not subject to mandatory arbitration. Northland Ins. Co. v. Palm Harbor Homes, 2007-Ohio-1655 (Ct. of App. 2007) citing AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648-49 (1996) (applying federal standard to find a negligence count non-

11

arbitrable).  See also, <u>Craver v. Tomsic</u>, 2013 Ohio Misc. LEXIS 3950 (a separate duty from the contract renders a negligence claim non-arbitrable).  The inquiry is whether an action could be maintained without reference to the contract or relationship at issue.  *Id.*  Disputes that are related, with at least some directness to performance of duties specified by the contract do not count as dispute arising out of the contract and are not covered by the standard arbitration clause. <u>Telecom Italia, SPA v. Wholesale Telecom Corp</u>., 248 F.3d 1109 (11th Cir. 2001) (holding that tortious interference was not arbitrable).  Even if the separation of arbitrable and non-arbitrable claims results in piecemeal litigation, that is to be expected.  <u>In re Tyco, Ltd. Multidistrict Litig.</u>, 2003 U.S. Dist. LEXIS 23490 (D. NH 2003) (focusing on the predominant claim to determine arbitrability).  See also <u>Jung v. Ass'n of Am. Med. Colleges</u>, 300 F.Supp. 2d 119, 155-56 (finding antitrust conspiracy non-arbitrable); <u>NCR Corp. v. Korala Assocs.</u>, 512 F.3d 807, 817 (6th Cir. 2008) (tortious interference with software licensing agreement non-arbitrable).

Other analogous cases are as follows:  <u>AXA Equitable Life Ins. Co. v. Infinity Fin. Group, LLC</u>, 608 F. Supp. 2d 1330 (S.D. Fla. 2009) (rescission not arbitrable); <u>Assa Abloy Sales & Mktg. Grp. V. Task FCZ</u>, 2018 U.S. Dist. LEXIS 17282 (D. Conn.) (misappropriation of trade secrets not arbitrable under employment contract); <u>Rivera v. Parade of Toys</u>, 950 F. Supp. 449 (D.P.R. 1996) (fraudulent inducement, bad faith, negligent misrepresentation and conversion did not relate to the interpretation or performance of a contract (with arbitration clause) and thus were non-arbitrable), <u>Granite Rock Co. v. Int'l Bhd. of Teamsters</u>, 561 U.S. 287 (2010) (<u>ratification</u> of an arbitrable collective bargaining agreement is not arbitrable).

In addition being within the scope of an arbitration provision, the provision and the designation of a claim as arbitrable under said provision must be reasonable.  An unreasonable

arbitration clause can be set aside.  <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972). The test is whether:

> (1) The clause was the product of "fraud" or "overreaching"; (2) enforcement would be unreasonable and unjust; (3) proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court; or (4) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.

First, both the NextGear and Manheim arbitration clauses involved overreaching.  By requiring the dealer, but not the lender or auction house, to arbitrate is grossly one-sided.  To read the arbitration so broadly and comprehensively as to include all the *ex contractu* claims in this action is overreaching.

Second, it is unreasonable and unjust to split the forums for these colluding affiliates so distantly as to gain as unfair advantage over dealerships such as Metro which do business with both NextGear and Manheim.  Even if a matter is arbitrable, a disgruntled dealer would need to file for arbitration proceedings in both Indiana and Georgia, and neither venue could independently provide complete relief because joinder of indispensable parties would be frustrated.  NextGear would not be amenable to suit in Georgia because of its Indiana forum selection clause, and Manheim would not be susceptible to suit in Indiana because of its forum selection clause.  The claims of a dealership would be arbitrated piecemeal, necessary parties would be absent and complete relief could not be judicially achieved.  See Rule 19(a) regarding joinder.  This is *per se* unreasonable and unjust.

Third, by unduly burdening dealerships with a stay and/or multi-jurisdictional litigation in inconvenient and distant locations where the dealers have no presence, their day in court is rendered unlikely.  By taking away the option of a jury trial, important non-contractual claims

may not be fully and fairly adjudicated.  By granting NextGear and Manheim the home court advantage, the parties with greater bargaining power and resources stack the deck.  It is against public policy and law to construct contracts that are unconscionably one-sided substantively or procedurally.  See, *e.g.*, Uniform Commercial Code Section 2-302; <u>Sanford v. Castleton Health Care Ctr., LLC</u>, 813 N.E. 2d 411, 417 (Ind. Ct. of App. 2004).  (A contract is unconscionable if a great disparity in bargaining power exists between the parties, such that the weaker party is made to sign a contract unwillingly or without being aware of its terms).  Here, Baker rightfully believed his change of forum was part of the Guaranty he signed.  However, NextGear prosecuted its Indiana case on the unaltered version containing the wrong forum selection clause.

### The Plaintiffs' Claims Were Not Compulsory Counterclaims in Indiana.

Under Fed. R. Civ. P. 13(a) a counterclaim is permissive and without preclusive effect unless it (A) "arises out of the transaction or occurrence that is the subject of the opposing party's claim"; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  "In this Circuit there are at least four tests to determine whether a counterclaim is compulsory or permissive.

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would *res judicata* bar a subsequent suit on the defendant's claim absent the compulsory counterclaim rule?

3) Will substantially the same evidence support or refute the plaintiff's claim as well as the defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim?"

<u>Wai Feng Trading Co. v. Quick Fitting, Inc.</u>, 2014 U.S. Dist. LEXIS 117251 (D.R.I., Sullivan M.J.).

The answer to each of these questions in the current case is negative.  Plaintiff Metro was already in the used car business buying and selling vehicles through the auction network that included Southern and AUTOTEC which were not amenable to suit in Indiana.  And that used car network was already controlled by the Defendants.  Counts II, III, IV, and VI of the SAC allege actionable conduct not directly related to NextGear's Indiana action on the Promissory Note and Guaranty.  Movants appear to argue that "but for" the lender/borrower relationship they would not have been in a position to tortiously interfere with third-party Southern and Metro's trade creditors or conspire against Metro with industry affiliates and competitors, or negligently mishandle Metro's property, or to wrongfully take and retain Metro's money from third-party Southern.  This is an illogically broad reading of separate sets of facts.  The operative facts in the Indiana litigation involved issues of enforceability and payment of NextGear's Note.  The operative facts in this Rhode Island action involve tortious conduct intended to cripple Metro in the entire used car industry.

*Res judicata* does not apply because the issues and parties are different. <u>Afolabi v. Atl. Mtg. & Inv. Corp.</u>, 849 N.E. 2d 1170, 1173 (2nd Cir. 2006).  When an action raises different legal and factual issues, requires different evidence, and are not logically related, a counterclaim is not compulsory and its omission is not preclusive in a subsequent suit.  See <u>Emissive Energy Corp. v. Armament Sys. & Procedure, Inc.</u>, 2004 U.S. Dist. LEXIS 18437 at 35-38 (D.R.I, Martin, M.J.) (intellectual property litigation involving different patents from a prior patent suit constituted a completely new case and were not compulsory counterclaims) citing <u>Magnesystems, Inc. v. Nikken, Inc.</u>, 933 F. Supp. 944, 952-53 (C.D. Cal. 1996).  See also, <u>Maritimes & Northeast Pipeline, LLC v. 1.66 Acres of Land</u>, 190 F.R.D. 15 (D. Maine 1999) (trespass defense to condemnation action was not a compulsory counterclaim); <u>Longwood Mfg.</u>

Corp. v. Wheelabrator Clean Water Sys., 1996 U.S. Dist. LEXIS 20173 (D. Maine) (anti-trust claim is not a compulsory counterclaim in a patent infringement suit); Eon Labs, Inc. v. Smithkline Beecham Corp., 298 F. Supp. 2d 175 (D. Mass. 2003) (prior case on patent validity is not the same as subsequent case on patent misuse for purposes of counterclaim analysis); Pace v. Timmerman's Ranch & Saddle Shop, Inc., 795 F.3d 748 (7th Cir. 2015) (claims against parties in addition to plaintiffs are not compulsory counterclaims as joinder is permissive under Rule 20). "The rules generally allow for a plaintiff to decide who to join in an action. A plaintiff's intent in structuring litigation is overridden only when the prejudice to the defendant or an absent party is substantial and cannot be avoided. Fed. R. Civ. P. 19(b). Otherwise, the threat of duplicative litigation generally is insufficient to override a plaintiff's interest in this regard." Id. at 755. The Rules strike a balance between (1) a plaintiff's interest in structuring litigation (2) a defendant's "wish to avoid multiple litigation, or inconsistent relief" (3) an outsider's interest in joining the litigation, and (4) "the interests of the courts and the public in complete, consistent, and efficient settlement of controversies." Id. at 756 citing Provident Tradesman Bank & Tr. Co. v. Patterson, 390 U.S. 102, 109-11 (1968). Rule 19(b) further provides that "if a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The weight, if any, to be given to the Indiana litigation should be considered in light of this joinder principle of inclusiveness and equity.

For compulsory counterclaim purposes Movant NextGear attempts to cram all the Plaintiffs' claims into the contract "transaction or occurrence" or "operative facts" related to the contract. NextGear Memo at 7-14. Conspiracy with non-parties AFC and Manheim to the loan agreement and Guaranty is not a transaction related to the contract. Tortious Interference with

Metro's suppliers and trade creditors is not an occurrence between NextGear and Metro pursuant to the contract. Negligent handling of Metro's repossessed autos which proximately caused significant extra-contractual damages goes well beyond the operative facts concerning the loan agreement. Wrongfully retaining Metro's sale proceeds from a third party (Southern Auto Sales) for a vehicle that Metro owned outright was not a function of the loan arrangement – it was non-contractual unjust enrichment.

Under Fed. R. Civ. P. 13(a) these are not compulsory counterclaims. In fact, Indiana counterclaims would have been procedurally improper for several reasons. Rhode Island was the designated jurisdiction for adjudication of the Guaranty per Baker's amendment. Joinder of all necessary parties for complete relief might not have been feasible aside from the three Indiana-based actors (AFC, ADESA and NextGear) and Indiana would not likely have jurisdiction over Southern Auto, Manheim, AFC's Connecticut Manager individually, or AUTOTEC. The non-contract claims in Indiana would have been handicapped by Metro's inability to compel the appearance and documents of key Rhode Island witnesses such as other local dealers, suppliers and former employees. These problems would still exist even if the counterclaims were permissive under Rule 13(b).

**There are Disputed Issues of Material Fact Regarding the Contracts.**

Baker amended the NextGear Individual Guaranty to change the jurisdiction and venue to Rhode Island. Baker Affidavit ¶3. The hand written changes were dated, initialed by Baker and initialed by Dustin E. Wilkenson of NextGear. *Id.* However, NextGear did not include these changes in the incorrect version of the Guaranty upon which it sued in Indiana. *Id.* at 10, Exhibits A, C and D. Baker raised this discrepancy in the Indiana litigation but NextGear refused to acknowledge it. *Id.* Baker changed the forum to Rhode Island because the dominant

players in the national used car industry (AFC, ADESA and NextGear) were all located in Carmel, Indiana and Baker was concerned about their home court advantage in the local Indiana courts. *Id.*¶11.  That is also why he did not file permissive counterclaims in Indiana which would have interfered with his right, and that of Metro, to litigate in Rhode Island.  *Id.*

Despite this express and accepted amendment at the time of execution, NextGear ignored Baker's changes.  NextGear now claims that its documents provided opt out language buried in paragraph 22 of the Note and paragraph 5 of the Guaranty which are apparently illusory.  See Davis v. Goldwater Place, LLC, 2007 Ind. App. Unpub. LEXIS 973 (An illusory contract is an expression cloaked in promissory terms, but which, upon closer examination, reveals that the promisor has not committed himself in any manner).  Baker's opt out of the forum selection could not be any clearer.  It was explicit and timely.

Baker's attached Affidavit also addresses deficiencies in Manheim's purported Terms and Conditions.  Baker attests that he has no recollection or record of electronically accepting them.  Baker Aff. ¶12.  The time stamp of 12:32 am is outside his work hours and internet access.  *Id.*¶13.  The dealership in the Manheim record is misidentified as Metro Motors as of 11/24/15 when CT102, LLC was officially doing business as JD Byrider of New Haven until after 11/24/15.  *Id.*¶14.  Moreover, NextGear has itself confused versions of the terms and conditions it alleges that Baker accepted by referring at various times to both versions 1.6 (dated 2015) and 1.7 (dated 2017).  *Id.* ¶15.

These fact issues are central to the legal relationships among Plaintiffs CT102, LLC and Baker, and Defendants NextGear and Manheim.  These allegation by the Plaintiffs must be accepted as true at this stage of the proceedings.  SAC ¶22.  These contested facts, alone, merit dismissal of the present Motions to Dismiss.

**Conversion to a Motion for Summary Judgment is Required Because Defendants Introduced Documents that are Neither Central to the Action nor Appropriate for Judicial Review.**

NextGear has introduced five exhibits regarding the Indiana litigation and Baker has introduced his prior Indiana Affidavit regarding those proceedings. Baker Aff. ¶C. Upon information and belief, that litigation is not final as Baker has additional appellate rights. Plaintiff's attached pleadings are extensive, uncertified and unauthenticated. Baker's Indiana Affidavit, however, is attested to in his current Affidavit. There is a panoply of factual, legal and procedural issues surrounding the Indiana litigation which should be explored in discovery and presented in a Summary Judgment Motion or at trial. These matters should not be judicially noticed.

The need for conversion is even more compelling concerning Manheim which has expanded its Motion by including the Affidavits of Veronica Tai and Dorcas Morris who are employed by Manheim's parent corporations. These Affidavits, attested to upon information and belief, contain assumptions and legal conclusions that must be tested by discovery. Ms. Tai asserts that "Mr. Baker affirmatively accepted and agreed to the terms and conditions" based on a contested line in Manheim's inaccurate and unspecified records. The precise nature of Manheim's "click" system and recordkeeping must be investigated. Mr. Dorcas references his duties to archive and print records but he makes no reference to CT102, LLC, Metro Motors, JD Byrider of New Haven or Mr. Baker which indicates that he has no personal knowledge about the transaction at issue in the case at bar. Nor does he demonstrate any knowledge about the lengthy terms and conditions attached to his Affidavit.

**Jurisdiction in Rhode Island is Satisfied, a Stay to Arbitrate is Inappropriate, and Denial of a Jury Demand is Unconstitutional.**

19

The SAC and the Baker Affidavit establish that the Defendants are subject to the jurisdiction of this Court.  SAC ¶¶8-12; Baker Aff. ¶4-8, Exh. B.  Both Defendants have sufficient minimum contacts with Rhode Island to establish general jurisdiction.  See Baker Aff. ¶7, Exhibit B.  Moreover, these Defendants do not raise an objection to general jurisdiction in Rhode Island.  They rely exclusively on subject matter jurisdiction based on contentions about compulsory counterclaims in Indiana and arbitration in Indiana and Georgia which have been duly refuted in this Opposition.  These contentions do not support a stay and unnecessary multi-jurisdictional litigation over the Plaintiffs' claims which are squarely before this Court.  Such delay and unwieldiness would be an injustice.

Even more fundamental to fair adjudication in this case is Baker's constitutional right to demand a jury trial against all Defendants which Manheim seeks to strike based on contract.  Such a motion to strike at this juncture is conclusory, premature and unconstitutional.  Execution and enforcement of a so-called jury waiver is too important to be decided without further proceedings including discovery and a separate evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Plaintiffs Metro and Baker respectfully request that this Court deny the Motions of Defendants NextGear and Manheim to Dismiss, to Stay and to Strike.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7(c) Plaintiffs respectfully request oral argument of approximately 45 minutes per side to assist the Court in addressing the issues presented.

Dated: January 21, 2022                              Respectfully submitted,

**CT102 LLC d/b/a Metro Motors and H. Jeffrey Baker,**
Plaintiffs,
By their Attorney,

*/s/ Harris K. Weiner*
Harris K. Weiner (#3779)
**Harris K. Weiner Law**
197 Taunton Avenue
East Providence, RI 02914
Tel.:  401-437-4450
Fax.: 401-438-1630
*harris@hkweinerlaw.com*

## CERTIFICATE OF SERVICE

I, Harris K. Weiner, hereby certify that on January 21, 2022 a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to all counsel of record.

*/s/ Harris K. Weiner*