UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CT102 LLC d/b/a METRO MOTORS and
H. JEFFREY BAKER,

      Plaintiffs,

v.

AUTOMOTIVE FINANCE CORPORATION
d/b/a AFC; NEXTGEAR CAPITAL, INC.;
MANHEIM, INC.; and ADESA, INC.,

      Defendants.

C.A. No. 1:20-cv-00356-MSM-PAS

**REPLY OF DEFENDANT ADESA, INC. IN SUPPORT
OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant ADESA, Inc. ("ADESA"), by counsel, respectfully submits this Reply in Support of its *Motion of Defendant ADESA, Inc. to Dismiss Second Amended Complaint* filed herein on November 8, 2021 (the "Motion"),[1] and in response to the *Memorandum of Law in Support of Opposition of Plaintiff's CT102, LLC* ("Metro") *and H. Jeffrey Baker* ("Baker" and together with Metro, the "Plaintiffs") *to Defendants Automotive Finance Corporation D/B/A AFC and ADESA, Inc.'s Motion to Dismiss* (Doc 56, the "Response"), and states as follows:

**I. Summary of Argument**

In a response virtually identical to their *Opposition of Plaintiffs CT102, LLC and H. Jeffrey Baker to Defendants Automotive Finance Corporation D/B/A/ AFC and ADESA, Inc.'s Motion to Dismiss* [Docs 31 and 31-1] and devoid of any new or admissible evidence,[2] Plaintiffs'

---

[1] See Doc 48. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] ADESA incorporates by reference, as if fully set forth herein, its *Reply in Support of Motion of Defendants, Automotive Finance Corporation d/b/a AFC and ADESA, Inc. to Dismiss First*

Response ignores the terms of the parties' governing documents and determinative United States Supreme Court precedent. Plaintiffs' unsupported request to convert the Motion to one for summary judgment neglects the fact that ADESA's supporting materials all fit within well-defined exceptions to conversion in this Circuit. Finally, that ADESA's contract specifying Indiana jurisdiction and venue for any dispute is with Metro is neither dispositive nor relevant as to Baker when (i) his claims against ADESA are clearly maintained in a derivative capacity as a shareholder of Metro; and, (ii) he signed the ADESA Terms and Conditions. Accordingly, the Second Complaint should be dismissed: (i) pursuant to FRCP 12(b)(2) for lack of personal jurisdiction over ADESA; and, (ii) under FRCP 12(b)(6) as the claims asserted cannot be brought in this Court and are facially without merit even if they could.

## II. Legal Argument

**A.     Conversion to a Motion for Summary Judgment is not Required.**

The Response contends ADESA "ha[s] loaded their Rule 12(b)[] Motion[] to Dismiss with external documents which warrant conversion to a Rule 56 Motion for Summary Judgment[.]" [Response, p. 5]. This argument lacks support at law or in fact.

The ADESA Terms and Conditions constitute documents "central to the plaintiff's claim or sufficiently referred to in the complaint" and which may be considered "even if those documents are not physically attached to the pleading." *Carrero-Ojeda v. Autoridad De Energía Eléctrica*, 755 F.3d 711, 717 (1st Cir. 2014). Specifically, "when a complaint's factual allegations are expressly linked to … a document, then the court can review it upon a motion to dismiss." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 34 (1st Cir. 2001) (internal quotation omitted). Plaintiffs acknowledge a contract with ADESA and this

---

*Amended Complaint* [Doc No. 32].

contractual relationship is essential to each of the counts pled. Therefore the ADESA Terms and Conditions are properly before the Court and their review does not require conversion.

Similarly, where a court is "confronted with a motion to dismiss under [12(b)(2)] [it] must … look beyond the pleadings to examine not only the plaintiff's properly documented evidentiary proffers but also the defendant's undisputed jurisdictional facts." *Chen v. United States Sports Acad., Inc.*, 956 F.3d 45, 56 (1st Cir. 2020) (citations omitted). "Such jurisdictional facts may be adduced by means of an affidavit made by a person who … has adequate knowledge of the situation." *Id*. Inclusion of the Declaration of ADESA Vice President Michael Caggiono does not necessitate conversion to summary judgment under FRCP 12(d). Rather, its consideration is a proper and required exercise in this Court's jurisdictional determination.

**B.     ADESA is not Subject to Personal Jurisdiction in Rhode Island.**

Despite the passage of over five (5) months, Plaintiffs still fail to offer any admissible evidence in support of their fanciful theory that general jurisdiction exists over ADESA in Rhode Island. Armed only with the previously-submitted *Affidavit of H. Jeffrey Baker* ("Baker Affidavit"), Plaintiffs allege jurisdiction based on ADESA's "affiliation with AFC . . . market[ing] to dealers in Rhode Island. . . and . . . engage[ment] by Rhode Island dealers who buy and sell vehicles at ADESA's auctions." Response, p. 4. These allegations failed previously and they fail now.

Foremost, the Baker Affidavit provides no foundation for its ADESA-related assertions in paragraphs 10-14. [Doc 56-2]. Those allegations are inadmissible, speculative hearsay not based on personal knowledge. *See* FRE 802, 901. Even if considered, Plaintiffs' allegations fall woefully short of rendering ADESA "at home" in Rhode Island. Instead, they are the exact arguments rejected by the United States Supreme Court in *Daimler AG v. Bauman,* which

rebuffed the "exorbitant" theory that general jurisdiction exists where a corporation simply engages in "substantial, continuous, and systemic" business in such forum. 571 U.S. 117, 119 (2014) (holding corporation's sales within a forum did not subject it to jurisdiction because "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.")(internal quotation omitted). Rather, only "a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction . . . [and] with respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* at 139 (citations omitted). It is undisputed that ADESA is a Delaware corporation with a principal place of business in Indiana [Doc 48-3, ¶¶ 2-3]. Under binding Supreme Court precedent, and absent extraordinarily limited circumstances (none of which are alleged here, and certainly not established by admissible evidence), those are the only forums where ADESA is subject to general personal jurisdiction. *Bauman* at 152.

**C.    ADESA'S Terms and Conditions Require Suit be Brought in Indiana**

No one has disputed that ADESA's Terms and Conditions require all actions brought by Metro be filed exclusively in Indiana. [Doc 48-2, ¶ 32]. Plaintiffs' Response makes no attempt to challenge the enforceability of this contractual provision, much less the "strong showing by the resisting party that the clause is unreasonable under the circumstances" as necessary to set it aside. *Claudio-de León v. Sistema Universitario Ana G. Méndez*, 775 F.3d 41, 46 (1st Cir. 2014)(citations and quotations omitted). Instead, Plaintiffs casually respond that "Baker is not personally a party to the purported ADESA terms…". [Response, p. 11]. Another red-herring argument in a filing replete with them, such statement ignores that any claim of Baker is plainly

4

derivative of his ownership of Metro.

"The general rule is that an action to redress an injury to a corporation must be brought as a derivative suit and may not be maintained by shareholders acting in their individual capacities." *Dowling v. Narragansett Capital Corp.*, 735 F. Supp. 1105, 1113 (D. R.I. 1990) (citations omitted). Specifically, "where the injury is to the corporation and only affects the shareholders incidentally, the action is derivative." *Id.* The Second Complaint does not allege, nor does Baker contend, that Baker owned any of the vehicles individually or that he personally (as opposed to Metro) was a buyer/seller at any auction affected by ADESA's alleged conduct. The law "allow[s] the corporation to litigate in its own name and collect the whole sum, [and] to allow individuals who hold rights in the corporation to recover personally for their derivative injuries would be to authorize a form of double-counting." *Bennett v. Centerpoint Bank*, 953 F.2d 634 (1st Cir. 1991) (*citing Mid-State Fertilizer Co. v. Exchange National Bank*, 877 F.2d 1333, 1335-1336 (7th Cir. 1989)(internal quotation omitted).

It is axiomatic that Baker cannot create new rights separate from his derivative rights, and of course a shareholder standing in the shoes of the corporation would be subject to the same claims, defenses, and contractual provisions that bind the principal. The ADESA Terms and Conditions provide they "shall bind the respective heirs, executors, administrators, successors and assigns of [Metro]…". [Doc 48-2, ¶ 33]. Moreover, Baker signed the ADESA Terms and Conditions on behalf of Metro [Doc 48-2, p. 16-17], so he cannot claim any mistake or surprise that his derivative claims are bound by contractual terms. Here, that contract includes a binding and enforceable forum selection clause that requires any claim of Metro (and Baker in his derivative capacity) be brought in Indiana, and the Second Amended Complaint as against

5

ADESA must also be dismissed under FRCP 12(b)(6).[3]

### D.     The Allegations of the Second Complaint Fail to State Claims against ADESA.

Even if this Court could properly exercise general jurisdiction over ADESA and disregarded the controlling forum selection provision of the ADESA Terms and Conditions, Counts II, III and V still fail to state cognizable claims against ADESA under Indiana law. Foremost, they are time barred under either Indiana's or Connecticut's statutes of limitations. (Indiana Code § 34-11-2-4; Conn. Gen. Stat. Ann. § 52-584). The Response does not address or challenge the Rhode Island Supreme Court analysis cited in ADESA's Motion concerning which statute of limitations applies, despite citing *Spain v. Haseotes*, 1997 U.S. App. LEXIS 13624 (1st. Cir. 1997) which concedes "the federal district court must apply the forum state's choice-of-law rules." 1997 U.S. App. LEXIS 13624 at *1.

Rhode Island applies a policy-weighing test to consider whether another jurisdiction's statute of limitations controls.  *Harodite v. Warren Elec. Co.*, 24 A.3d 514, 534 (R.I. 2011). Plaintiffs' Response completely ignores this binding precedent, likely recognizing the *Harodite* factors strongly weigh in favor of applying Indiana's two-year statute (or Connecticut's, where the result would be the same: See, Indiana Code § 34-11-2-4; Conn. Gen. Stat. Ann. § 52-584). Plaintiffs' factual allegations contend their claims arose in or prior to April of 2018, more than two (2) years prior to Plaintiffs' initial complaint filed in this matter in August of 2020, and Counts II, III, and V naming ADESA are therefore barred.

Counts II (tortious interference) and III (conspiracy) similarly fail in light of ADESA's

---

[3] Courts in the First Circuit "treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Sistema Universitario*, 775 F.3d at 46.

Terms and Conditions providing that ADESA "reserves the right to refuse to or terminate doing business with any Customer, and to place additional conditions or restrictions upon any Customer's activities at Auction, including but not limited to, limiting or barring access to one or more Auction locations." [Doc 48-2, ¶ 7]. Metro's failure to comply with the Terms and Conditions "may result in the suspension or termination of [Metro's] . . . privileges of transacting business with [ADESA] and its affiliates." [*Id.*].

ADESA's alleged conduct of "knowingly and improperly interfere[ing] with [trade creditor, AFC, and NextGear's] contractual arrangements" through "misplaced obedience" is neither tortious nor conspiratorial; rather it would have been the legitimate exercise of ADESA's contractual rights under the Terms and Conditions in light of Metro and Baker's admitted breaches of their agreements with AFC and NextGear. An auction customer not paying its floorplan lenders is a legitimate reason which "provides the necessary justification to avoid liability" on a claim of tortious interference. *Morgan Asset Holding Corp. v. CoBank, ACB*, 736 N.E.2d 1268, 1272 (Ind. Ct. App. 2000). Counts II and III therefore fail to state claims against ADESA as a matter of law.

Finally, Plaintiffs' breach of good faith and fair dealing allegations in Count V also fails to state a claim against ADESA. Even assuming such claim could stand alone, which it cannot under Indiana law,[4] the Second Complaint fails to allege any conduct by ADESA that was not expressly permitted by the Terms and Conditions or otherwise required under the Uniform Commercial Code. *See Brown v. Indiana Nat'l Bank*, 476 N.E.2d 888, 894 (Ind. Ct. App. 1995)

---

[4] "[B]reach of good faith cannot be maintained as an independent cause of action." *Best Distrib. Co. v. Seyfert Foods*, 714 N.E.2d 1196, 1205 (Ind. Ct. App. 1999); *See also Pain Ctr. of SE Ind. LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 462 (7th Cir. 2018) ("this section of the UCC 'does not support an independent cause of action for failure to perform or enforce in good faith.'") (applying Indiana law).

(holding "a duty owing under the UCC must first be established" before any breach of good faith can be found). Count V must also be dismissed under FRCP 12(b)(6).

### III. Conclusion

Plaintiffs have again failed to present any facts supporting general jurisdiction over ADESA in Rhode Island. That is because none exist. Aside from this Court's lack of personal jurisdiction over ADESA, each claim alleged by Plaintiffs fail in light of the controlling forum selection provision, the statute of limitations, other provisions of the Terms and Conditions, and established Indiana law. Therefore, Plaintiffs' Second Amended Complaint against ADESA should be dismissed in its entirety pursuant to FRCP 12(b)(2) and FRCP 12(b)(6).

Respectfully submitted,

/s/ Joseph V. Cavanagh, III
Joseph V. Cavanagh, III (#6907)
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903-1765
Tel: (401) 831-8900; Fax: (401) 751-7542
Email: jvc3@blishcavlaw.com

/s/Reynold T. Berry
Reynold T. Berry (Ind. Atty #25482-49)
Admitted Pro Hac Vice
RUBIN & LEVIN, P.C.
135 N. Pennsylvania St., Suite 1400
Indianapolis, IN 46204
(317) 634-0300 - FAX No. (317) 263-9410
Email: rberry@rubin-levin.net

*Attorneys for ADESA, Inc.*

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 11, 2022, a copy of the foregoing document was filed electronically and is available for viewing and downloading by counsel of record through the Court's Electronic Case Filing System.

                                                <u>/s/ Joseph V. Cavanagh, III</u>